# Pittsburg, Appellant, *v.* William Logan.

# Haights Street Sewer.

*Sewers—Assessments—Acts of June* 14, 1887, *May* 16, 1889, *and* 1891.

Where a property owner has paid an assessment for a sewer, levied under the unconstitutional acts of June 14, 1887, P. L. 386, and May 16, 1889, P. L. 228, he cannot subsequently be compelled to pay an assessment levied under the act of May 16, 1891, P. L. 71, for the same work.

Argued Oct. 31, 1894. Appeal, No. 178, Oct. T., 1894, by plaintiff, from judgment of C. P. No. 1, Allegheny Co., March T., 1893, No. 84, for defendant non obstante veredicto. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Sci. fa. sur municipal lien. Before STOWE, P. J.

The following facts were agreed upon in the nature of a special verdict :

" The plaintiff, in the year 1890, constructed a sewer, known as Haights street sewer, being the improvement upon which its claim in this case is based. After said sewer was completed, a board of viewers, appointed by one of the courts of common pleas of Allegheny county, Pennsylvania, under the provisions of the act of assembly, approved June 14, 1887, P. L. 386, upon the petition of the plaintiff, made an assessment in July, 1890, of the cost of said sewer, upon the property benefited by it, in accordance with said act and the act of assembly approved May 16, 1889, P. L. 228, in which they assessed the defendant's property involved in this case with benefits to the amount of $547.20. Said assessment so made was presented to and approved by the councils of the plaintiff city in September, 1890. The defendant took no appeal from said approval within ten days thereafter, or at any time. In November, 1890, the plaintiff demanded of defendant payment of said sum of $547.20, and threatened to collect the same by process of law, and in December, 1890, defendant paid the same; that the total cost of the improvement assessed by said board of viewers was $53,251.88 ; that the plaintiff collected $26,137.09 of said assess-

ment; that afterwards, on the petition of the plaintiff, another board of viewers was appointed, under the act of assembly approved May 16, 1891, P. L. 71, and said board proceeded to assess again the cost of said improvement upon the property benefited, and did so assess the same, which assessment includes an assessment of $954.50 upon defendant's property, being the same property assessed by the first board of viewers, and said assessment being the assessment sued upon in this case; that the various properties assessed by the second board of viewers do not include all the properties assessed by the first board; that the total cost assessed by the second board was $51,274.88; that the plaintiff has collected $25,301.85 of said assessments; that some assessments made by the first board, but omitted by the second board, have been paid."

Verdict for plaintiff subject to the question of law reserved whether plaintiff was entitled to recover under the facts agreed upon.

The court entered judgment for defendant non obstante veredicto, in an opinion by STOWE, P. J.

*Error assigned* was entry of judgment as above.

*William C. Moreland, Thomas D. Carnahan* with him, for appellant, cited: Pittsburg's Petition, 138 Pa. 426; Act of May 16, 1891, P. L. 71; Donley's Ap., 147 Pa. 350.

*Charles M. Thorp*, for appellee, cited: Act of May 16, 1891, P. L. 71; Morewood Ave., 159 Pa. 20; King v. Phila. Co., 154 Pa. 160; Bidwell v. City, 85 Pa. 412; Ferson's Ap., 96 Pa. 140; Cooley, Const. Lim. 219; Black on Judgments, §§ 173–5; Clark v. Com., 29 Pa. 129; Peebles v. City, 101 Pa. 304; De La Cuesta v. Ins. Co., 136 Pa. 78; City v. Ridge Ave. Pass. Ry., 143 Pa. 444.

PER CURIAM, Jan. 7, 1895:

We agree entirely with the learned judge of the court below in holding that the city having accepted payment of the amount of the assessment made under the acts of 1887 and 1889, cannot now compel another payment because those acts were subsequently decided to be in conflict with the requirements of the

constitution.  At the time of the payment the liability of the defendant was asserted by the plaintiff, no question of the validity of the law was then raised, the defendant was apparently bound to pay the money, and could not have recovered it back; and it would be strange doctrine now to hold that the city was not also bound, when it was she who asserted her legal right to recover the money and obtained it by force of her adverse proceeding and the assertion of her right, accompanied with a demand for the money on peril of legal proceedings to enforce the payment of her claim.

Moreover it is very doubtful whether this case comes within the provisions of the act of 1891.  The language of the act really embraces only cases in which the properties peculiarly benefited could not be assessed owing to the acts under which the improvements were made being declared unconstitutional, or for any other reason the properties could not be assessed " as the law under which they were made, or are being made, contemplated." This contingency is not true of this case because under the law as it then was this defendant's property was assessed for the same benefits and he paid the assessment.

Judgment affirmed.