Park Avenue Sewers.    Appeal of Clara M. Parker et al.

*Sewers—Assessments—Municipalities—Act of May 16, 1891.*

The cost of constructing a sewer can be assessed only upon the property abutting upon the line of the improvement.

A property owner cannot be assessed with the cost of a fifteen inch main sewer, where it appears that a ten inch local sewer would have been sufficient to give the property all the benefit it derives from the main sewer.

Such an assessment is contrary to the express terms of said act by which the costs and expenses are to be assessed according to benefits, if sufficient property benefited can be found, and if not, then the deficiency is to be paid by the municipal corporation. It also violates the general rule that the limit of special benefit is the limit of the liability to special assessment: Oil City v. Oil City Boiler Works, 152 Pa. 348, distinguished.

Not decided whether the provisions of the act of May 23, 1889, P. L. 312, relating to assessments on all property in a sewer district for the excess of the cost of main over local or branch sewers, are repealed by. the act of May 16, 1891.

Argued March 12, 1894.    Reargued March 19, 1895.    Appeal, No. 374, Jan. T., 1893, by Clara M. Parker et al., from order of C. P. Lycoming Co., June T., 1892, No. 458, overruling exceptions to report of viewers.    Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ.    Reversed.

Petition of F. H. Keller, mayor of Williamsport, for appointment of viewers to assess benefits arising from the construction of sewers upon Park avenue and other streets in the city of Williamsport.    Viewers were appointed and assessed benefits in accordance with the prayer of the petition.    Clara M. Parker and other property owners filed, inter alia, the following exceptions to the report of the viewers.

"1. Because said viewers have assessed the cost of said sewers

upon the abutting properties only, and not upon all properties benefited thereby. [1]

" 2. Because said viewers have assessed the properties of your exceptants abutting on Park avenue with the cost of a 15-inch sewer, whereas the excess of cost of said 15-inch sewer over and above the cost of a 10-inch sewer should have been assessed upon all properties that will, according to the sewer system adopted by the city, have occasion to connect with said Park avenue sewer. [2]

" 4. Because said viewers have assessed unimproved lots on said Park avenue from 50 per cent to 75 per cent higher than improved lots of the same or greater size on Isabella street, where the sewer is 10 inches in diameter." [3]

The court in an opinion by MAYER, P. J., of the 25th judicial district, specially presiding, overruled the exceptions.

The exceptants appealed.

*Errors assigned* were (1–3) overruling exceptions, quoting them ; (4) confirming the report of viewers.

*John G. Reading, William D. Crocker* with him, for appellant.—The cost of constructing a sewer, which is designed for the drainage of a particular street or locality, and which is essentially necessary for the health, comfort and convenience of the inhabitants dwelling along the street or in that locality, should be assessed upon the property of the district thus benefited, for the improvement, as well as the use, is local, and the benefit to the public is but secondary : Orphans' Asylum App., 111 Pa. 144 ; Hammett v. Philadelphia, 65 Pa. 146 ; Allegheny City v. R. R., 138 Pa. 375 ; Pittsburg's Petition, 138 Pa. 401 ; Morewood Avenue, 159 Pa. 20.

The benefit of the main sewer is just as direct and special a benefit to each property in the district as is the lateral sewer in front of it, and is not, as in the case of repaving, or of paving on another street, a benefit which the whole public shares with the individual.

Neither is a present assessment for the cost of a main sewer like an assessment for the cost of a sewer before it is built, which might be illegal, as suggested in City of Scranton v. Jones, 133 Pa. 223 ; for here the sewer is already laid and it is

only a question of time, resting largely with the property owners themselves, when the rest of the connecting local sewers shall be constructed; Downer v. Boston, 7 Cush. 277; Wright v. Bos-' ton, 9 Cush. 233; Brown v. Fitchburg, 128 Mass. 282.

Councils alone may determine upon the necessity for, and the character and size of a sewer in a given street: Oil City v. Oil City Boiler Works, 152 Pa. 353; Michener v. Phila., 118 Pa. 535; Com. v. Woods, 44 Pa. 113; act of May 16, 1891, P. L. 75.

*J. A. Beeber, N. M. Edwards* with him, for appellee.—The act of 1889 is repealed by the act of 1891: Wheeler v. Philadelphia, 77 Pa. 348; Kilgore v. Magee, 85 Pa. 401; Johnson's Est., 33 Pa. 514; Gwinner v. Lehigh & Del. Gap R. R., 55 Pa. 126; Com. v. Cromley, 1 Ash. 179; Ledlie v. Monongahela Navigation Co., 6 Pa. 392; Bartlett v. King, 12 Mass. 545; Pease v. Whitney, 5 Mass. 380; Com. v. Cross Cut R. R., 53 Pa. 62; Com. v. Boice, 5 Luz. L. Reg. 93; Endlich on Interp. of Statutes, sec. 199; 4 Blackstone Com., 89.

The case of Oil City v. Oil City Boiler Works, 152 Pa. 348, relied upon by counsel for appellants as the rule in this case, has no application whatever, for the reason that the sewer in controversy was laid under and by virtue of the provisions of the act of May 23, 1889, and before the passage of the act of May 16, 1891.

OPINION BY MR. JUSTICE MITCHELL, July 18, 1895:

This case suggests, and has been broadly argued on the question of the true basis of assessments on property owners for benefits from the construction of sewers. More specifically stated it involves the right of a municipal corporation to have benefits assessed on any property not abutting directly on the line of the sewer, and the assessment of the excess of the cost of a main over a branch or lateral sewer. The appellant's complaint is first, that the cost of the sewer was assessed on abutting properties only, and not on all the property in the sewer district, including nonabutters on other streets who have no present sewer connections, but whose property will ultimately when the municipal plan is fully carried out, be drained by branches which will empty into the sewer now in question;

and secondly, that appellant's property is charged for the cost of a main fifteen inch sewer, when a branch ten inch sewer would have given it all the benefit it now has. The city of Williamsport, appellee, on the original argument contended that the assessments were right on both points, and conceded that the excess of the cost over the benefits to abutting properties should be paid out of the city's general revenue. On the reargument however this concession was withdrawn, and appellee united with appellant on the first point, in arguing that the excess should be assessed on all the properties in the sewer district. We have thus had the advantage of the presentation of every view of the question, and as it is not only new but of great and growing importance, we have considered it upon somewhat broader grounds than the assignments of error strictly require.

First, as to assessment upon nonabutting property. It would be sufficient to rest on the fact that this proceeding is under the act of May 16, 1891, P. L. 75, and that act gives no authority to assess any but property on the line of the improvement. The act applies to opening, widening, grading and paving streets and to the construction of bridges and sewers, and makes no distinction in these several cases as to the powers of the city, or the mode of procedure. Its terms are (sec. 8, p. 78), "viewers shall be appointed . . . . who shall assess the cost and expenses of the sewer, or grading, paving, curbing, macadamizing or other improvement of each street or alley, upon the property benefited, according to benefits, if sufficient can be found, or if not, then the deficiency, when finally ascertained, shall be paid by the municipal corporation." Property damaged and property benefited are classed together throughout the whole act, and no indication is anywhere given that damages are to be allowed or benefits imposed upon any different basis than the usual one of the special and local effects of the improvement upon the property along its line. A departure from this long established rule will not be presumed in the absence of explicit expression of such legislative intent.

Recognizing the force of this view of the act of 1891, it is argued that the city has the power to assess non-abutting property, by the express words of the act of May 23, 1889, art. XIII. sec. 1, P. L. 312, and that it was held in Hand v. Fellows, 148 Pa. 456, that this act was not repealed by the act of 1891.

Accordingly a considerable part of the argument has been devoted to that question.   As to that however it is only necessary to say now that the act of 1889 is an elaborate statute of nineteen articles covering one hundred and forty-five sections, relating to the affairs of cities of the third class, and the part which the court had under consideration in Hand v. Fellows concerned assessments for paving, made by the foot front rule.   It was held that the provision in the act of 1891 for assessments by benefits was not in conflict, but alternative.   The subject of sewers is in a different article, and whether the system of assessments is consistent with that prescribed by the act of 1891 would be by no means so easy to show.   But it is unnecessary to go into this inquiry, as the present proceeding is altogether under the act of 1891, and must stand or fall by its conformity thereto.

But viewing the subject on the broader ground of the nature of local assessments it is settled beyond all question by a line of cases of which it is only necesssary to mention Hammett v. Philadelphia, 65 Pa. 146, and Washington Avenue, 69 Pa. 352, that they are special and individual taxation, sustainable only on the basis of special and individual benefit, and the limit of the benefit is the limit of the taxing power.   It was accordingly held in Morewood Avenue, 159 Pa. 20, and repeated in Fifty-fourth Street, 165 Pa. 8, that assessments for local improvement by paving must be confined to property abutting on the street so improved.   It is not easy to see any valid distinction in this respect between improvement by a pavement and improvement by a sewer, and there are very strong reasons why no such distinction should be recognized.   It might be sufficient to say, as already pointed out, that the act of 1891 makes none, but classes paving and sewering together both as to rights and mode of procedure.   But beyond this it is clear that lots having no present connection with the sewer in question derive no advantage from it, further than the general improvement and healthfulness of the neighborhood, which is common to the whole public.   Nor does it appear that they ever will certainly have any special benefit, for the sewer connections on the plan may be changed or if left on paper may never be carried out.   To impose a present lien and obligation. to pay where the special benefit is future and contingent on

the will of the municipality would be a clear violation of the fundamental basis on which all such assessments rest.   There is only one other class of nonabutting property, that which though not on the same street, has a connection with the sewer in question by means of its own branch or lateral sewer.   This class is in precisely the same situation as the property assessed in the Morewood Avenue case, to wit, it was benefited by the increased facility of access by means of graded and paved streets, but as was shown by our brother Green " that is only the same general and public advantage which is enjoyed by all citizens of the commonwealth passing over the improved street."

We hold therefore that by the terms of the act of 1891 the assessments for benefits from the sewer on Park avenue were properly confined to property abutting on that avenue, and further that on the general principles on which such local and special taxation is sustained, no assessments could constitutionally have been made on property not on Park avenue.

Secondly, the appellant was assessed with the cost of a fifteen inch main sewer, while the facts agreed upon by counsel show that a ten inch local sewer would have been sufficient to give the property all the benefit it derives from the improvement. This assignment of error must be sustained.   In the first place the assessment is contrary to the express terms of the act of 1891, sec. 8, already quoted, by which the costs and expenses are to be assessed according to benefits if sufficient property benefited can be found, and if not then the deficiency to be paid by the municipal corporation.

But beyond this, as already discussed, the limit of special benefit is the limit of the liability to special assessment.   The agreed facts show that there is no special benefit to appellant's property from having in front of it a main sewer required only for lands further off from the point of discharge.   The flagrant transgression of the fundamental principle by such an assessment may be shown by an illustration which, as I am not familiar with the localities, I take from the appellee's first paper-book. Park avenue sewer drains into a twenty-four inch main sewer in Campbell street and this in turn into a still larger sewer in Jefferson street.   Whether this leads directly or through still another sewer into the river does not appear, but on the

principle adopted by the viewers in the present case, a lot on the river front at the point of final discharge, would have to pay for the largest sewer though it had a natural drainage into the river, and of all the lots in the city it had least need, and got least benefit from the sewer, whose size was determined wholly by the requirements and for the benefit of remote properties. Such an assessment cannot be sustained. Appellant's property can only be charged with such proportion of the cost as would have paid for a branch sewer sufficient to give it all the benefits now enjoyed. The excess must by the express words of the act of 1891 be paid out of the municipal treasury.

Appellee cites Oil City v. Oil City Boiler Works, 152 Pa. 348, in support of the assessment of the excess of cost of a main sewer over what would have been required for local sewerage on all the property in the sewer district. That case however arose under the act of 1889, and what it decided was that the discretion of councils as to what should be a main sewer and where it should be placed, was not reviewable, and that assessments being an exercise of the taxing power the absence of provision for an appeal was not necessarily fatal to the validity of the act. In that case the assessments were made by viewers appointed by city councils under the authority of the act of 1889. That authority has since been taken away and vested by the act of 1891 in the court of common pleas. Whether the other provisions of the act of 1889 as to assessments on all the property in the sewer district for the excess of the cost of main over that of local or branch sewers, are also repealed, and if not, whether they are reconcilable with the decision in Morewood Avenue, we are not called upon at present to consider.

Judgment reversed, and the assessment on appellant's property is directed to be modified and reduced in accordance with this opinion.