## Beechwood Avenue Sewer (1). Pittsburg's Appeal (1).

[Marked to be reported.]

*Sewers—Non-abutting owners—Assessment of benefits.*

The rule laid down in Park Avenue, 169 Pa. 433, that the owners of property not abutting on a sewer cannot be assessed for benefits, is not modified by the fact that a watercourse which ·before furnished open drainage was turned into a closed and covered sewer, thus confining the odors and noxious substances which cause discomfort and injure health; such a benefit is one enjoyed by the whole city in common with owners of property in the neighborhood of the sewer.

Argued Nov. 4, 1896. Appeal, No. 144, Oct. T., 1896, by city of Pittsburg, from order of C. P. No. 1, Allegheny Co., June T., 1895, No. 440, dismissing exceptions to report of viewers. Before STERRETT, C. J., GREEN, WILLIAMS, MITCH-ELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers to assess damages and benefits for constructing a sewer along the line of Beechwood avenue and private property belonging to C. Straley's heirs, John Leech, Alexander King's heirs and the estate of William Carr, deceased, appellee.

The facts appear by the opinion of the Supreme Court.

*Errors assigned* were in overruling exceptions to report of viewers.

*T. D. Carnahan,* and *Clarence Burleigh,* submitted brief for appellant.—Morewood Avenue settles the question so far as improved streets are concerned. But it is submitted that neither Morewood Avenue, nor the case of Park Avenue Sewers ought to settle it concerning sewers.

The owners of properties in other districts of the city which

do not and cannot possibly drain into this sewer have no common advantage like that of right of passage over a street. The owners of properties in the watershed of this sewer have much more than the same "general and public advantage, which is enjoyed by all citizens of the commonwealth," other properties cannot use the sewer at all; these properties cannot do without it.

The general improvement and healthfulness of the neighborhood is something which that neighborhood receives on account of the sewer. No other part of the city gets it. But these people have a part of their system of sewers built. They have no lateral sewers at present, and they are not asked now to pay for any. The use of a lateral sewer is made possible for them.

Some authorities from other states are herewith cited, the purpose being to show that elsewhere in the United States as well as in England, this rule, of "benefit assessments" as applicable to sewers, is not limited to the line of the particular improvement, and that some of the very best judicial authorities regard it as lawful, equitable and constitutional to assess properties away from the line of the sewer, if such properties contribute to it, or are in the sewer district. They are regarded as necessarily specially benefited by the sewer. Where the property cannot so contribute, of course there can be no benefit: Patton v. Springfield, 99 Mass. 627; Collins v. Holyoke, 146 Mass. 298; Cleveland v. Yonkers, 115 N. Y. 193; Lowden's Petition, 89 N. Y. 548; Ex parte Ingraham, 64 N. Y. 310; Thomas v. Gain, 35 Mich. 155; Rich v. Chicago, 152 Ill. 18; Hungerford v. Hartford, 39 Conn. 279; State v. Town of Union (N. J.), 20 A. 894; Henderson v. Jersey City, 41 N. J. L. 490; Massing v. Ames, 37 Wis. 651; Strowbridge v. Portland, 8 Oregon, 67; Green v. Hotaling, 44 N. J. L. 347; Vanderbeck v. Jersey City, 29 N. J. L. 449.

*Hugh S. Craig, Robert B. Petty, Marshall Brown* and *James R. Sterrett*, submitted brief for appellee.—This case is ruled by Park Ave. Sewers, 169 Pa. 433; Whitman v. City of Reading, 169 Pa. 375; Morewood Ave., 159 Pa. 20; Fifty-fourth St., 165 Pa. 8.

OPINION BY MR. JUSTICE DEAN, January 4, 1897:

In 1893 and 1894, the city of Pittsburg, under the act of

assembly of May 16, 1891, constructed what is known as Beechwood avenue sewer, a very extensive and costly municipal improvement, commencing near Frankstown avenue in the 21st ward, and extending along Negley's run, Beechwood avenue and Butler street to the Allegheny river; then connecting with it are two main branches, almost equal in dimensions to the main sewer. The materials of construction are brick and stone; it varies in size from 9 to 3½ feet in diameter, and its entire length is about 12,000 feet; the watershed of the surface which naturally drains into it is about 2,300 acres; the total cost of construction was $154,875.91; the main sewer is laid on the line of or near to a natural water course, Negley's run, for almost its entire length, and this is substantially the line of Beechwood avenue, laid out but not yet opened; consequently in its construction, the city entered upon private property of adjoining land owners for that purpose.

On April 15, 1895, the city, under the act of 1891, petitioned the court for appointment of viewers to assess the damages and benefits to property owners by reason of its construction. Viewers were appointed who proceeded to perform their duty in a most thorough manner; they found the total cost, as before noticed, $154,875.91; they assessed benefits on abutting owners of $36,874, and on owners not abutting, but in the watershed, of $110,419.40, leaving a balance of $7,582.51, imposed upon the city. After this report was framed, but before they had heard exceptions to it, the decision in Park Avenue, City of Williamsport, Parker's Appeal, 169 Pa. 433, was handed down, and a copy of the opinion laid before the viewers; thereupon they sustained the exceptions of all non-abutting property owners, and struck off the $110,419.40, leaving the city to pay that in addition to the former balance, making altogether to be paid by the city, $118,000. The report as thus made up was filed and confirmed nisi by the court. Thereupon the city filed exceptions alleging error on part of the viewers in not assessing benefits on owners of property in the watershed, the natural drainage of which was into the new sewer. This appellee with others, who were abutting property owners, and whose property was actually taken by the city, alleged the assessments of benefits against them were excessive, appealed and demanded jury trials. The court was of opinion that Parker's Appeal, supra,

settled the law as to non-abutting property owners in their favor, and therefore overruled the city's exceptions. As to the demand for jury trials by those assessed with benefits, the court was of opinion that Tourison's Appeal, 171 Pa. 38, also settled the law against the contention of the city, and therefore refused to strike off the appeals.

The city took appeals on both questions involved in the final decree, but in the case before us the contention is only on the one issue—was it the duty of the viewers to assess non-abutting or the watershed owners with special benefits by reason of the construction of the sewer? Counsel for appellant admits that Parker's Appeal, supra, in terms decides the case in favor of appellee. His argument is, to urge us, either to overrule that case, or to draw a distinction between it and this one on the facts. Parker's Appeal was ably and fully argued by eminent counsel; it was carefully considered by this court, and deliberately decided. We believe the law of it to be amply sustained on both reason and authority. To overrule it would carry down with it the principle in Witman et al. v. Reading, 169 Pa. 375; Morewood Avenue, 159 Pa. 20, and Fifty-fourth Street, 165 Pa. 8. Nothing is advanced in the argument which was not considered in that case. Non-abutting property owners here on twenty-three hundred acres are assessed with special benefits, not because they are on the line of the sewer, but because at some future day they may, by lateral sewers, seek a connection with Beechwood avenue main sewer; this is considered probable on account of the inclination of the surface of their land toward the sewer. In answer to this argument our Brother MITCHELL, in Parker's Appeal, pertinently remarks: "Nor does it appear that they ever will certainly have any special benefit, for the sewer connections on the plan may be changed, or if left on paper may never be carried out. To impose a present lien and obligation to pay where the special benefit is future and contingent on the will of the municipality would be a clear violation of the fundamental basis on which all such assessments rest. There is only one other class of non-abutting property, that which, though not on the same street, has a connection with the sewer in question by means of its own branch or lateral sewer. This class is in precisely the same situation as the property assessed in the Morewood

Avenue case, to wit, it was benefited by the increased facility of access by means of graded and paved streets, but, as was shown by our Brother GREEN, 'that is only the same general and public advantage which is enjoyed by all citizens of the commonwealth passing over the improved street.'" The sewer district in this case was arbitrarily fixed by the city engineer, and may and could easily be changed as was done in Pittsburg v. Logan, 165 Pa. 516.

The only present benefit derived by these owners is that Negley's run, which before furnished open drainage, has now been turned into a closed and covered sewer, thus confining the odors and noxious substances which cause discomfort and injure health. But this is a benefit enjoyed by the whole city in common with them; clearly, the engineer's line, which marked the boundary of the twenty-three hundred acres, did not limit the benefits of wholesome air to the property owners of that particular locality.

As to a distinction between Parker's Appeal and this case, there is none, except in the greater cost of the improvement and the numbers affected by the assessment. We therefore adhere to Parker's Appeal, and affirm this decree.