## The Burgess and Town Council of the Borough of Colwyn, Appellant, *v.* Thomas Tarbottom.

*Municipal lien—Sewer claim—Adjacent but not abutting lot.*

A municipal claim for construction of a sewer cannot be maintained against a lot not abutting upon the street where the sewer is laid, but abutting upon another street on which a sewer may at any time be laid.

Argued Nov. 23, 1898. Appeal, No. 122, Oct. T., 1898, by plaintiff, from judgment of C. P. Delaware Co., Dec. T., 1897, No. 27, striking off lien for cost of constructing a sewer. Before Rice, P. J., Orlady, Smith, W. W. Porter and W. D. Porter, JJ. Affirmed.

Rule to strike off municipal lien for cost of constructing sewer. Before Clayton, P. J.

It appears from the record and evidence that a rule was taken to strike off a lien taken by the borough of Colwyn for a sewer tax amounting to $22.41 imposed under the provisions of the Act of May 15, 1889, P. L. 220. Under the provisions of this act the borough laid a main sewer along Walnut street in said borough and liened premises of Thomas Tarbottom situated on

Second street at the distance of one hundred feet south from Walnut street. It was alleged also that defendant had laid a drain pipe across the intervening property of his neighbor, made connection with the sewer, and drained his property therein. The court below made absolute the rule to strike off the lien, CLAYTON, P. J., filing an opinion reported in 7 Dist. Rep. 540. Plaintiff appealed.

*Error assigned* was making absolute rule to strike off lien.

*V. Gilpin Robinson*, for appellant.—Lands benefited by the construction of a sewer may be assessed although they are not in the line of the sewer or of the street through which the sewer is built. The question is, whether or not the property will be or is specially benefited: Henderson v. Jersey City, 41 N. J. L. 489; Wheeler v. Chicago, 57 Ill. 415; Massing v. Ames, 37 Wis. 645: Strowbridge v. City of Portland, 8 Ore. 67.

It is competent for the legislature to authorize a municipal corporation to assess the whole or any portion of the expenses upon the property deemed to be specially benefited in proportion to the benefits received and it may empower the municipal authorities to judge what property is specially benefited, and define the taxing district accordingly: Drains & Sewers; 6 Am. & Eng. Ency. of Law, 20; Oil City v. Oil City Boiler Works, 152 Pa. 348; Appeal of Orphan Asylum of Pittsburg, 111 Pa. 135.

The act of assembly in question (May 15, 1889, P. L. 220) gives to the borough the power to assess property other than such as is upon the line of the street through which the sewer is built. It says that the cost of construction shall be assessed.

The laying of a sewage drain along a public highway in a borough to connect with a main sewer is an economical method of providing a system of drainage beneficent to all. And the power to do it, or to permit it to be done, is one of the inherent powers of a borough: Wood v. McGrath, 150 Pa. 451; Smith v. Simmons, 103 Pa. 32; Susquehanna Depot v. Simmons, 112 Pa. 384. It is true this would require the construction of larger main sewers, and would be objectionable if the property fronting upon the street upon which the sewer is laid is required to bear the whole burden of construction. If, however, this bur-

den can be distributed among all who enjoy the benefits, none can complain. No complaint is made by the defendant that he is asked to pay an undue proportion of cost. He secures the benefits, but ungenerously seeks to escape paying any portion whatever of cost. It is important for this borough and others to know whether, under the provisions of the act, they are compelled to put the full cost of a sewer upon an abutting owner, or whether the cost may be assessed justly and equitably upon this exceptant.

We contend that the intent of the act was not to confine the assessment to properties abutting on the street along which the sewer was laid, and that therefore the lien should have been sustained.

*L. L. Smith,* for appellee.—There is nothing on the record of this case to show that defendant had laid a drain across a neighbor's land or was using the sewer for which the assessment was made; and no admission of such a condition of affairs was ever made. It was not admitted in the court below and is not admitted here.

This question has been decided adversely to the appellant in Park Avenue Sewers, 169 Pa. 433, Witman v. Reading, 169 Pa. 375, and Beechwood Avenue Sewer Cases, 179 Pa. 490, in the latter of which the cases cited by appellant from other states were presented to the court.

OPINION BY ORLADY, J., February 17, 1899:

The second section of the Act of May 15, 1889, P. L. 220, under which the municipal lien in this case was filed, provides, that, "whenever any borough shall determine to construct any public sewer, it shall have power, by ordinance or ordinances duly passed, to assess the cost thereof as a sewage tax upon the property adjoining or adjacent to the same, either by the foot front or in such other manner and in such proportions and amounts, as to the burgess and town counsel may seem just and equitable," etc. It is admitted that the land attempted to be liened does not front or abut upon the street in which the public sewer is constructed, and this gives rise to the only question in this case. In Whitman v. Reading, 169 Pa. 375, and in Park Avenue Sewers, 169 Pa. 433, it was determined that no proper-

ties can be assessed for the cost of a sewer, except those that abut on the line of it. "It was held in Morewood Avenue, 159 Pa. 20, and repeated in Fifty-fourth Street, 165 Pa. 8, that assessments for local improvements by paving must be confined to property abutting on the street so improved. It is not easy to see any valid distinction in this respect between improvements by a pavement and improvements by a sewer, and there are very strong reasons why no such distinction should be recognized. It is clear that lots having no present connection with the sewer in question derive no advantage from it, further than the general improvement and healthfulness of the neighborhood, which is common to the whole public. Nor does it appear that they will certainly have any special benefit, for the sewer connections on the plan may be changed, or if left on paper may never be carried out. To impose a present lien and obligation to pay when the present benefit is future and contingent on the will of the municipality, would be a clear violation of the fundamental basis on which all such assessments rest:" Beechwood Avenue Sewer, 179 Pa. 490. These decisions are in cases arising under other acts of assembly, but the reasons given are alike applicable to the act under consideration. The defendant's property is on a street at right angles to the one in which the sewer is constructed, and is one hundred feet distant from the sewered street. By the fourth section of the act of 1889, the municipal authorities, for the preservation of the public health or other causes, are empowered to compel property owners to make a connection with a sewer, "whenever such property abuts upon or is within fifty feet of a sewer main or branch thereof, in the same manner and under the same regulations as other connections with said sewer are made." If there is any doubt as to the legislative meaning in using the words "adjoining or adjacent" it should not apply to property more remote from the sewer than that which the borough could require being connected with it by compulsory process. The defendant's lot abuts on Second street and would be liable for an assessment for a sewer on that street, and this lien for the assessment for a sewer on Walnut street was properly stricken from the record.

The judgment is affirmed.