# Grafius Run.

*Municipalities—Waters—Change of course of stream—Sewers—Damages—Benefits—Act of April 28, 1899, P. L. 74.*

Where a municipality by ordinance directs the construction of a main storm sewer, and subsequently and after the sewer has been constructed directs by another ordinance that a run should be changed and relocated so that the water thereof should be deflected into the sewer, and thereafter viewers are appointed who do not assess the damages, costs and expenses resulting from the change of the course of the run, as provided by the Act of April 28, 1899, P. L. 74, but do ascertain the cost of the sewer, and assess benefits against properties not on the line of the improvement, such assessment of benefits is invalid, and will be set aside.

Argued March 18, 1907. Appeal, No. 81, Jan. T., 1907, by the City of Williamsport, from judgment of Superior Court March T., 1906, No. 9, reversing judgment of C. P. Lycoming Co., March T., 1901, No. 332, assessing damages from appeal

of award of jury of view In re Grafius Run.    Before MITCH-
ELL, C. J., FELL, BROWN, MESTREZAT and STEWART, JJ.    Af-
firmed.

Appeal from judgment of the Superior Court.    See 31 Pa.
Superior Ct. 638.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was the judgment of the Superior Court.

*Frank P. Cummings*, city solicitor, for appellant.—The
claim of appellees that their properties do not abut on the line
of the improvement has no merit, as the map prepared and
filed in this case by the viewers, as a part of their report, lo-
cates the properties of the appellees within the line of the
high waters of the diverted stream, and hence places them on
the line of the improvement.

*H. W. Pyles*, with him *Ames & Hammond*, for appellee.—
The authorities establish the general rule, based upon the con-
sideration of the nature of local assessments for public im-
provement, that the legislature has not power to authorize a
municipal assessment therefor upon nonabutting property
for paving, sewering or other improvement of the same kind :
Morewood Avenue, 159 Pa. 20 ; Orkney Street, 9 Pa. Supe-
rior Ct. 604–611 ; Witman v. Reading, 169 Pa. 375 ; Park
Avenue, 169 Pa. 433 ; Fifty-fourth Street, 165 Pa. 8 ; Beech-
wood Avenue, 179 Pa. 490 ; Colwyn Borough v. Tarbottom, 9
Pa. Superior Ct. 414 ; Thirteenth Street, 16 Pa. Superior Ct.
127, 130 ; Grant Street, 17 Pa. Superior Ct. 459.

OPINION BY MR. JUSTICE BROWN, June 25, 1907 :

By the Act of April 28, 1899, P. L. 74, boroughs and cities
are authorized to change the course or channel of a run or
natural water way within the municipal limits, and against
properties benefited by such change there may be assessed a
fair and ratable portion of the damages, costs and expenses
resulting therefrom.    Under the provisions of this act the
course of Grafius Run, a natural stream running through the
city of Williamsport, was changed, and proceedings were in-

stituted by the city to compel the owners of properties bene-
fited by the change to pay a part of the costs and expenses al-
leged to have been incurred in making the change.   Properties
that had been damaged by the overflow of the run, but which
do not abut on the sewer into which its waters are deflected,
were assessed for the resulting benefits.   The court below sus-
tained these assessments, but, upon appeal to the Superior
Court, this was reversed : Grafius' Run, 31 Pa. Superior Ct.
638.

It is clear from the report of the viewers that the act of 1899
is not involved in the assessments made by them, and the one
against the property of the appellees is, therefore, void.   By
an ordinance approved August 17, 1900, the city amended its
plan of sewerage and drainage by providing for the construc-
tion of a main storm sewer eleven feet in diameter, running
from the intersection of Locust street and Rural avenue to the
Susquehanna river.   One of the purposes of this sewer was to
dispose of the waters of Grafius Run, but several branch or
lateral storm-water sewers draining certain portions of the
city were to empty into it.   By this ordinance the natural
course of Grafius Run was not changed or relocated, and the
action of the city in passing it is to be regarded simply as one
relating to its general sewerage system, to which the act of
April 28, 1899, does not apply.   If, by the construction of this
large sewer, properties abutting on the line of it are benefited,
they may be assessed under the Act of May 16, 1891, P. L. 71,
but not under the act of 1899, relating to the changing altera-
tion or relocation of a natural water course.

On January 23, 1901, nearly six months after the approval
of the ordinance authorizing the construction of the large storm
sewer, the city passed the ordinance under which the proceed-
ings below were instituted.   This later ordinance changed the
course of Grafius Run and directed that upon the completion
of the sewer to be constructed under the ordinance of Au-
gust 17, 1900, the waters of the run should be deflected into it,
the receptacle of drainage from other smaller sewers to be con-
nected with it.

What the city might have done under the act of 1899 was
to change by ordinance the course or channel of the run, and
" after the passage and approval " of the same petition the

court for the appointment of viewers to ascertain the damages, costs and expenses resulting from the change, and to fairly and ratably assess the said damages, costs and expenses, or so much thereof as might be just and reasonable upon the properties benefited by the change. But this is not what the city did. It first, in 1900, amended its plan of sewerage and drainage, and in amending the same provided that, among other drainage into the large sewer, there should be that of Grafius Run. Subsequently, in 1901, it changed the course of this run and directed that its waters should be deflected into the large main sewer, extending from the intersection of Locust street and Rural avenue to the Susquehanna river and, along its route, receiving the contents of several smaller sewers having no connection with Grafius Run. It is manifest that the cost, expense and construction of this main sewer did not result from the change of the course of the run, and, if they did not result from such change, their ascertainment was not for viewers appointed under the act of 1899. The damages, costs and expenses to be ascertained by viewers appointed under that act are those " resulting from the vacation, change, alteration or relocation of the course or channel " of any creek, run or natural water way.

The viewers were appointed " to ascertain the damages, costs, expenses and benefits resulting from the alteration, vacation, change or relocation of the course or channel of Grafius Run, and to fairly and ratably assess the damages, costs and expenses, or so much thereof," as they might deem just and reasonable upon the properties benefited or affected by the change ; but they made no such report. They report nothing at all as to damages, costs and expenses resulting from the change in the course of the run. Their report is simply, " That the estimated cost of construction of the main sewer down Locust street, from High street to the river, is about $95,000, of which sum the undersigned viewers have assessed against the properties which, in their judgment, are or will be affected by the proposed improvement, the sum of $25,398." The " proposed improvement " is a sewer benefiting not only those properties which had been damaged by the overflow of the run, but others in other portions of the city, for into it there will empty the waters of several branch or lateral storm-water

GRAFIUS RUN.

Opinion of the Court.

sewers draining portions of the city in no way connected with or affected by Grafius Run. If the property of the appellees is benefited by the construction of this main sewer, they cannot be called upon to pay any portion of the cost or expense of the construction of the same, even under the act of 1891, for they are not abutting owners : Witman et al. v. City of Reading, 169 Pa. 375 ; Parker's Appeal, 169 Pa. 433 ; Beechwood Avenue Sewer Cases, 179 Pa. 490.

For the reason stated in this opinion the order of the Superior Court reversing the order of the court below in confirming the report of the viewers is affirmed.