# Chestnut Avenue.

By the Acts of March 18th and April 10th 1869, damages for opening streets in the Twenty-second Ward are to be assessed on all properties on the whole line of the street opened, not merely on those properties on that part of the street opened.

March 3d 1871. Before Thompson, C. J., Read, Agnew, Sharswood and Williams, JJ.

Certiorari to the Court of Quarter Sessions of *Philadelphia:* No. 20, to July Term 1870.

Chestnut Avenue is laid down on the plan of the city of Philadelphia as a continuous street from Thirty-second street to the Chestnut Hill and Spring-house Turnpike. For years it had been opened between the Spring-house Turnpike and the Perkiomen Turnpike, and between Thomas's Mill Road and Thirty-second street, leaving the space between Thomas's Mill Road and the Perkiomen Turnpike unopened, all being in the Twenty-second Ward. The unopened portion was ordered by councils to be opened through property the estate of Isaac L. Hottenstein, deceased, whose heirs petitioned the court for a jury to assess the damages they would suffer by reason of the opening.

By the Act of 1st April 1864, § 1, Pamph. L. 206, it is provided that "when any street in the city of Philadelphia is ordered to be opened in accordance with law, the jury * * shall also make inquiry as to the advantages of opening said street to property in the immediate vicinity of the same," and shall determine "what amount, if any, shall be paid by the property owners benefited."

18 P. F. Smith—6

[Chestnut Avenue.]

The Act of March 18th 1869, § 11, Pamph. L. 395, and the Act of April 10th 1869, § 3, Pamph. L. 828, provide "that the damages required to be assessed and apportioned among and against owners of land benefited by the opening of any street, shall hereafter be assessed and apportioned in like manner only among and against owners of land on the line of such streets as may hereafter be opened in the Twenty-second Ward," &c.

A jury was appointed, who assessed $2500 damages to the petitioners, charging a considerable portion of the amount to land which lay upon the part of the avenue theretofore opened. Jane M. Boudinot and others, whose land was thus situate and charged, filed exceptions to the report. The principal exception,—that considered in the Supreme Court,—was that the assessment of damages should have been against that land only which was on the line of the portion of the street opened under the recent proceedings.

The Court of Quarter Sessions, Allison, P. J., delivering the opinion, dismissed the exceptions and confirmed the report.

The exceptors removed the proceedings to the Supreme Court by certiorari, and assigned for error the dismissal of their exceptions.

*E. L. Boudinot* and *R. C. McMurtrie*, for exceptors.

*W. P. Messick* and *J. G. Johnson* (with whom was *Thomas J. Worrell*), contrà.

The opinion of the court was delivered, May 18th 1871, by

READ, J.—Chestnut Avenue is laid down on the city plan as a continuous street from the Spring-house Turnpike to Thirty-second street, and the portion of it between the Perkiomen Turnpike and Thomas's Mill Road was ordered by councils to be opened, and a jury was appointed to assess the damages. By the general law applying to the whole city, the persons benefited as property owners in the immediate vicinity would be assessed whether on the line of the street or not. The Acts of 1869, 11th section, 18th March, Pamph. L. 395, and 3d section, April 10th, Pamph. L. 828, confine the assessment to property owners on the line of the street in the Twenty-second Ward, in which this street is situated. The court below, upon a fair construction of these acts, has held that it applies to all property owners on the whole line of the street, and not merely to those on the line of the portion opened, which we think to be the correct and reasonable interpretation of the legislative language.

The benefits excepted to are small, amounting only to $222, and divided amongst five property owners.

Decree affirmed and appeals dismissed at costs of the appellants.

SHARSWOOD, J., dissented.