## Fifty-fourth Street. Pittsburg's Appeal.

[Marked to be reported.]

*Road law — Municipalities — Streets—Benefits—Assessments—Paving—Properties not on line of improvement.*

It is not competent to assess the cost of grading, paving and curbing a street upon properties which do not abut upon the line of the improvement.

Argued Oct. 30, 1894. Appeal, No. 177, Oct. T., 1894, by the city of Pittsburg, from order of C. P. No. 3, Allegheny Co., Nov. T., 1893, No. 211, sustaining exceptions to report of viewers. Before GREEN, WILLIAMS, MITCHELL, DEAN and FELL, JJ. Affirmed.

Exceptions to report of viewers appointed to ascertain costs, damages and expenses of grading, paving and curbing Fifty-fourth street from Allegheny Valley Railroad to Butler street in the eighteenth ward in the city of Pittsburg.

From the record it appeared that on July 24, 1891, an ordinance was passed by councils of the city of Pittsburg authorizing the grading, paving and curbing of Fifty-fourth street from Allegheny Valley Railroad to Butler street, which ordinance was passed upon a petition of a majority in number and interest of the owners of property fronting or abutting upon the line of the improvement. The Frank-Kneeland Machine Co. were not petitioners. Based upon this ordinance was a petition to the court and the appointment of a board of viewers, as provided in the act of May 16, 1891, P. L. 75. The viewers, after personally visiting all the property along the line and in the neighborhood of the improvement, and hearing testimony, assessed benefits upon the property of the Frank-Kneeland Machine Co. in the sum of $750. The latter thereupon filed exceptions on the ground that their property did not abut on the improvement, and the improvement was not on the line of the property assessed.

Fifty-fourth street runs south from the Allegheny river to the property and tracks of the Allegheny Valley Railroad, crosses the tracks of that company and runs thence south to Butler street. The property of the Frank-Kneeland Machine Co. is situate on the eastern line of Fifty-fourth street, between the right-of-way of the Allegheny Valley Railroad and the river, viz: north of the right-of-way of that company. The improvement for which this assessment is sought extends south from the right-of-way aforesaid to Butler street. It was asserted by appellant, and appeared by a blue print, which however was alleged by appellee to be no part of the record, that the only outlet for appellee was over part of this improvement.

Exceptions sustained without opinion filed.

*Error assigned* was above order.

*William C. Moreland, Thomas D. Carnahan* with him, for appellants.—The facts distinguish this case from Morewood Ave., 159 Pa. 20, 39. Here there is no other available street, and

appellee's property may be said to be right upon the line of the improvement, as it is fair to argue that under the ordinance Fifty-fourth street extends to the northern line of the railroad tracks.

*S. B. Schoyer, S. Schoyer, Jr.*, with him, for appellee, cited: Morewood Avenue, 159 Pa. 20.

OPINION BY MR. JUSTICE GREEN, Nov. 12, 1894:

In the case of Morewood Avenue, 159 Pa. 20, we said : "As we have repeatedly decided, the doctrine of assessment for benefits, to pay for public improvements, can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once.   This can only be the case when the property assessed abuts directly upon the line of the improvement.   Having their own burthens to bear in this respect the owners cannot be subjected to the discharge of similar burthens upon other properties, whether situate on the same street or in the same neighborhood."   This ruling, made after much deliberation and the most mature consideration, disposes of the present contention.   Our reasons for holding this doctrine were most fully set forth in the case referred to and it is not necessary to repeat them now.   The property in question in the present case does not abut upon the line of the improvement and therefore is not subject to an assessment for benefits.   We are of opinion that the learned court below was entirely correct in sustaining the exceptions to the report of viewers.

Decree affirmed.