## Amelia R. Speer *v.* Pittsburg, Appellant.

*Road law—Majority of owners—Act of May* 16, 1891.

Under the act of May 16, 1891, P. L. 75, the "majority in interest and number of owners of property abutting on the line of the proposed improvement," means the majority of owners on the portion of the street to be actually improved, and not the majority of the owners on the whole of the street.

Argued Nov. 9, 1894. Appeal, No. 310, Oct. T., 1894, by defendant, from order of C. P. No. 1, Allegheny Co., March T., 1893, No. 298½, on appeal from ordinance authorizing the opening of a street. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Appeal from ordinance authorizing the opening of a portion of Hamilton avenue in the city of Pittsburg.

The facts appear by the opinion of the Supreme Court.

The court made the following order:

" And now, to wit, September 29, A. D. 1894, the foregoing matter came on to be heard upon petition and answer, and after argument and upon due consideration thereof, the court find

and determine that the said improvement, to wit, the opening of Hamilton avenue between Frankstown avenue and Fifth avenue was not petitioned for by a majority in number and interest of the owners of property fronting or abutting thereon as required by law, and the said ordinance is accordingly therefore quashed."

*Error assigned* was above order.

*William C. Moreland, Thomas D. Carnahan* with him, for appellant, cited: Ferguson's Ap., 159 Pa. 38 ; Chambers's Ap., 159 Pa. 20 ; McClure's Ap., 137 Pa. 590 ; Chestnut Ave., 68 Pa. 81.

*J. M. Hunter, R. B. Ivory* and *J. A. Beatty* with him, for appellee, cited: Morewood Ave., 159 Pa. 20 ; Act of May 16, 1891, §§ 9, 10, P. L. 75.

PER CURIAM, Jan. 7, 1895 :

This proceeding, in the court below, was under section 10 of the act of May 16, 1891, P. L. 75, which provided, inter alia, for an appeal to the court of common pleas, and makes it the duty of that court to inquire and determine whether certain municipal improvements were petitioned for by the requisite majority of property owners " on the line of the proposed improvement," etc. The preceding section of the act declares : " Every municipal corporation shall have power to open, widen, straighten or extend streets or alleys, or parts thereof, within its limits, and to vacate the same upon the petition of a majority in interest and number of owners of property abutting on the line of the proposed improvement, to be verified by affidavit of one or more parties," etc.

In its answer, the defendant admits that a majority in interest and number of the owners of property abutting on the line of the new portion of Hamilton avenue, to wit, the part thereof between Fifth avenue, on the east, and Frankstown avenue, near Station street, on the west, did not petition for the ordinance in question ; but, in same connection, it avers that a majority in interest and number of the property owners on the entire line of said Hamilton avenue, from its junction with

Frankstown avenue, on the west, to the easterly line of the city, did so petition, and that "all the parties owning property fronting or abutting upon the entire line of the improvement are interested in the opening of each part thereof, and therefore such petition must be signed by such majority in number and interest."

It also admits that Hamilton avenue, from Fifth avenue to the eastern line of the city "had been previously lawfully opened and portions thereof graded and paved."

From these and other admissions it conclusively appears that the only part of Hamilton avenue that remained unopened when the petition in question was signed, and for the opening of which the signers could have petitioned, was that part of said avenue running west from Fifth avenue, the other part, extending east from Fifth avenue to the city line, having been previously opened. It also appears that the opening of said unopened part of Hamilton avenue was not petitioned for by a majority, in number and interest, of the property owners fronting or abutting thereon. These facts being conclusively established, the ordinance of councils, passed in pursuance of the petition containing less than a majority of legally qualified signers, was quashed by the court below.

The court was clearly right in construing the 9th section of the act, above quoted, as it did. Any other construction would be contrary to the letter as well as the manifest spirit of the act. As stated in appellant's history of the case, "It has been the practice, with perhaps this single exception, to pass ordinances for the opening and vacation of streets upon petitions signed by a majority, in interest and number, of owners of property abutting upon the parts to be opened or vacated." This is correct practice and should be adhered to.

Decree affirmed and appeal dismissed with costs to be paid by appellant.