# Appeal of Verona Borough.

*Road law—Assessment of benefits—Opening streets.*

No assessment for benefits resulting from the opening of a street can be legally imposed upon properties not abutting upon the line of the street which is the subject of the improvement.

Front street, in the borough of Verona, extended for a certain distance southerly from South street in said borough, terminating, however, as a cul de sac, it was extended by proceedings under the Act of May 16, 1891, P. L. 75, and the jury assessed benefits against certain owners of properties fronting on said Front street, but not on the newly extended portion thereof. *Held,* that such assessments are illegal, as the properties do not adjoin directly upon the improvement.

Argued April 12, 1897. Appeals, Nos. 57, 58 and 59, April T., 1897, by Verona borough, from decree of C. P. No. 1, Allegheny Co., Dec. T., 1895, No. 663, sustaining exceptions to benefits assessed by the report of viewers, and striking same from the said report and decreeing that the amount of said benefits be paid by the borough of Verona. Before RICE, P. J., WILLARD, WICKHAM, BEAVER, REEDER, ORLADY and SMITH, JJ. Affirmed.

Exceptions to report of the jury of view. Before SLAGLE, J.

Viewers were appointed under the act of 1891 to ascertain damages and assess benefits according to the terms of the act

for the opening of Front street, in the borough of Verona, which terminated in a cul de sac at a point southerly from South street, through to James street; the jury assessed the damages at $3,040, and apportioned the damages as benefits, inter alia,—$359.63 against Felix R. Brunot, $382.11 against F. W. Bealefeld, $254.74 against John C. Spindler, who were owners of property on said Front street, which property did not, however, abut on the line of improvement measured by the new portion of the street.

Exceptions were filed alleging error in the assessment of non-abutting property. These exceptions were sustained by the court below, who directed such benefits to be stricken from the report of the viewers, and the amounts of benefits assessed against them to be paid by the Borough of Verona. The Borough of Verona appealed.

*Error assigned* was in directing that the benefits assessed against Bealefeld, Spindler and Brunot be stricken from the report of the viewers, and that the amount of benefits assessed against them be paid by the borough of Verona.

*A. H. Rowand*, with him *H. H. Rowand*, for appellant.—In cases of this character the Supreme Court has practically decided that where the benefits are peculiar to the property they can be assessed against those deriving said benefits : Aswell v. Scranton, 175 Pa. 173.

The facts of the Morewood Avenue case, 159 Pa. 20, are not applicable to this case, but under the reasoning of that case we are entitled to refer to it as authority for this case.

Viewers appointed to assess damages and benefits for the widening and opening of part of a borough street are not confined in the assessment of said benefits to property abutting upon that part of the street embraced in the proceedings, but have power to make such assessments upon land lying anywhere along the line of the whole street: In re Main Street, 137 Pa. 590.

*J. M. Hunter*, of *Hunter & Beatty*, with him *Hilary B. Brunot*, for appellees.—This case is ruled by Morewood Avenue, 159 Pa. 20, and Park Avenue Sewer, 169 Pa. 433 ; also, Witman v. Reading, 169 Pa. 375.

OPINION BY WILLARD, J., May 3, 1897:

Prior to the 24th of June, 1895, Front street, in the borough of Verona, terminated at a point 247 feet and 2 inches from and south of the southerly curb line of South avenue. On that date the borough passed an ordinance providing for the extension and opening of said street 160 feet from its terminus in a southerly direction, through the lands of Samuel B. Ross and J. C. Kleber to James street. Viewers were appointed under the Act of May 16, 1891, P. L. 75, to ascertain damages and assess benefits according to the terms of the act. Prior to the opening of this avenue to James street, Front street, from South avenue to the Ross and Kleber properties, was a cul de sac. On the westerly side of this cul de sac F. W. Bealefeld and J. C. Spindler, two of the appellees, owned properties fronting on the street, and Felix R. Brunot owned property on the easterly side, also fronting on Front street. None of these properties abutted on the improvement or extension of Front street to James street, through the Ross and Kleber properties.

The viewers by their report filed, ascertained and assessed the damages to the properties of Ross and Kleber to be $3,040. They also found that the opening of the said street would be a benefit to property holders on Front street from South avenue to James street and assessed the properties of the appellees with benefits as follows: F. W. Bealefeld, $382.11; John Spindler, $254.74; Felix R. Brunot, $359.62. Exceptions were filed by the appellees to the viewers' report. The fifth exception is here inserted, as upon this exception the case was decided in the court below, it is as follows: "5. That the assessment made in this case is illegal, because it provides for the payment of a large part of the improvement by an owner, your exceptant, whose property does not abut on said improvement."

Exceptions similar to this were filed by the other appellees. The exceptions were sustained by the court, and the benefits assessed against the appellees, stricken from the report of the viewers and ordered to be paid by the borough of Verona. Exceptions were filed to the decree of the court and the borough appealed to this court. The cases were here argued together and will be treated as one appeal.

When Front street was first opened seven years ago, presumably the appellees, together with owners of other property abut-

ting on that street, by dedication bore their full and just share of the burthens incident to the opening of a public street through land to be benefited and improved by such opening. Having done this, why should they be again called on seven years afterwards to bear the additional burthen of opening and extending this street one hundred and fifty feet through other land to James street?

It is true that before they were connected with James street their properties abutted on a cul de sac, and their access to the general system of streets of the borough through the extension to James street would be a benefit to their properties, but the benefit would be the same enjoyed by others owning property on the same street or adjoining streets, differing only in degree.

The contention of the appellant is, that the properties of the appellees, though not abutting the improvement, were peculiarly benefited by it, and the owners ought to contribute toward the payment of damages sustained by the owners of land through which Front street is opened and extended. Here the question presents itself what properties not abutting the improvement are peculiarly benefited? To say the property of Mr. Bealefeld abutting on Front street and South avenue is peculiarly benefited and his neighbor's property just north of his across South avenue abutting also on that avenue and Front street, is not, would be an arbitrary distinction. The question of where peculiar benefits begin and end has been settled by our Supreme Court, and in Morewood Avenue, 159 Pa. 20, it is decided that assessments for benefits begin and end with the properties abutting on the improvement. In that case, which was a construction of the act of May 16, 1891, Mr. Justice GREEN, in delivering the opinion of the court says : " Only such properties so far as locality is concerned, can be assessed for benefits as are entitled to have damages assessed."

It is not claimed in this case that the properties of the appellees were damaged by the extension; indeed, such claim would be idle. Applying the above quoted rule to the case in hand, the location of appellees' properties precludes their assessments for benefits. Again it was said in the same case, " we refuse to permit any assessment upon properties not abutting upon the improvement, and that, in justifying any assessment for

benefits, it must be confined to the particular properties which do in fact abut directly upon the line of the improvement."

It requires but a reference to the facts in this case to convince us that it is ruled by the opinion from which we have quoted. The same rule is reiterated in 54th Street, 165 Pa. 8, and in Park Avenue Sewers, 169 Pa. 433.

These cases involve the question of grading, paving, and the construction of sewers under the act of 1891. The rule adopted is equally applicable to the opening and extension of streets through new territory. The act applies to opening, widening, grading and paving streets, and the construction of bridges and sewers. In each case the power of the municipality is the same, and there is no distinction in the mode of procedure. The learned judge was clearly right in holding that the cases above cited cannot be distinguished in principle from the present case.

The opening and extension of Front street was a public improvement, and every improvement contemplated in the act of 1891 is governed by the same rule of law as to assessments for benefits, and in Morewood Avenue, supra, it is said, "no assessment for benefits can be at all justified in a legal sense except upon those properties which do, in point of fact, adjoin directly upon the improvement, whatever it may be."

Applying the above rules to the facts of this case renders further discussion unnecessary.

The assignments of error are overruled, the decree of the court below is affirmed, the appeal is dismissed at the costs of the appellant.