# In re Orkney Street. Appeal of the City of Philadelphia.

*Road law—Assessment of benefits—Opening streets.*

No assessment for benefits resulting from opening of a street, theretofore terminating as a cul de sac, can be legally imposed upon properties not abutting upon the line of the improvement as projected and which is subject of the improvement. Verona Borough's Appeal, 4 Pa. Superior Ct. 608, followed.

*Constitutional law—Street improvements—Act of 1864.*

The Act of April 1, 1864, P. L. 206, in so far as it confers or attempts to confer power to assess benefits for municipal improvements upon properties not abutting upon the line thereof, is unconstitutional.

Argued Oct. 19, 1898. Appeal, No. 59, Oct. T., 1898, by the city of Philadelphia, from judgment of Q. S. Phila. Co., March T., 1897, Court No. 3, sustaining exceptions to report of viewers. Before RICE, P. J., REEDER, ORLADY, SMITH, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of viewers.    Before McMICHAEL, J.

It appears from the record and evidence that a jury was appointed to consider the damages caused by reason of the opening of Orkney street from Ontario to Westmoreland street. The jury filed a report in which after reporting the amount of damages suffered by the property owners whose land is taken, they determined the amount of damages to be equal to $4,440 and that the sum of $1,553.24 shall be paid by the city of Philadelphia and the balance, $2,906.76, shall be paid by property owners for the benefit accruing to them by reason of said opening, in the amounts set opposite their names, and a list of such property owners with the amount of the benefits assessed against each, is given.    It appears further from the report that a large portion of Orkney street between Ontario and Westmoreland streets had been opened by dedication to the city by the then owners of property and acceptance thereof long previous to the ordinance of the councils of the city of Philadelphia, approved October 10, 1896, by which the director of the department of public works was authorized and directed to notify the owners of property over and through which the said Orkney street between Ontario and Westmoreland streets will pass.    It appeared also that Orkney street as theretofore opened and approved ended in a cul de sac having an opening only on Ontario street and none on Westmoreland street.    The grade at Westmoreland street end of Orkney street was about five feet higher than the opened portion, consequently the only access owners and tenants of the houses on Orkney street had was by way of Ontario street.    The grade also resulted in water accumulating on Orkney street and forming a pond, which the jury report rendered several of the houses uninhabitable; and that the street as opened had no sewer, and that the street having been opened and the sewer placed therein substantial benefits accrue to the houses on the theretofore improved portion of the street.

Exceptions were filed on behalf of several property owners assigning error, inter alia, that the jury had not found that exceptant's property abutted upon the portion of said Orkney street opened by the ordinance and that the assessment of benefits against the premises in question is illegal, because the same do not abut directly upon the line of the improvement.

The court below sustained the exceptions, holding that the

case is ruled by Verona Borough's Appeal, 4 Pa. Superior Ct. 608, and Morewood Avenue, 159 Pa. 20. The city of Philadelphia appealed.

*Errors assigned* among others were (1) in sustaining the six exceptions of Stephen Hasenbuhler, Jr., to assessment of benefits, of which the third was as follows: " 3. That the assessment of benefits against the premises in question is illegal, because the same do not abut directly upon the line of the improvement." (2) In sustaining exceptions filed by J. Wylie McAllister et al., of which the sixth and seventh exceptions were as follows : " 6. That the owners of exceptant's land fronting on Orkney street has already by dedication borne the burden of the opening of that street, and the land cannot again be burdened with assessment for the extension of the street. 7. That the jury has assessed benefits contrary to law against the premises of exceptant."

*James Alcorn*, assistant city solicitor, with him *Norris S. Barratt*, assistant city solicitor, and *John L. Kinsey*, city solicitor for appellant.—The act of April 1, 1864, under which the jury and the court below assessed the benefits, explicitly provides for the character of benefits assessed by this jury, and it is held that a statute is not unconstitutional because it authorizes assessments upon property not bordering on the street to be improved, if the property is near to and specially benefited by the improvement: Ray v. Jeffersonville, 90 Ind. 567 ; Little Rock v. Katzenstein, 52 Ark. 107 ; Guild v. Chicago, 82 Ill. 472 ; Louisville & R. Co. v. East St. Louis, 134 Ill. 656 ; Lansing v. Lincoln, 32 Neb. 457.

There is a class of cases comprising those where the improvement confers a special benefit far beyond those properties which do physically abut on the same. Among these are cases of court houses, great bridges, extensions of streets.

To cite decisions in the one class of cases as governing cases in the other class is to ignore both the essential differences between the two classes, and also to ignore well known and well settled decisions of the Supreme Court. And yet this is the very mistake into which the learned court below has been led by Morewood Avenue, 159 Pa. 20, and by Verona Borough, 4 Pa. Superior Ct. 608.

It certainly cannot be claimed that the property assessed as specially benefited is not in the immediate vicinity when it is in the same block as the part opened between Ontario street and Westmoreland street: Hancock St., 18 Pa. 26.

The city contends here that the jury has not only made a proper assessment of property specially benefited, but have confined it to the property in the immediate vicinity: McMasters v. Commonwealth, 3 Watts, 292.

The court cannot hold that Morewood Avenue and Verona Borough's appeal apply to this case, without overruling Mc-Masters v. Commonwealth, Extension of Hancock Street, Commonwealth v. Woods, Main Street and Chestnut Avenue ; one of which, namely that of Main Street, was decided as late as in 1890. Such interpretation would also absolutely ignore the act of 1864. Mr. Justice GREEN wrote the opinion in the Main Street case, as well as that in Morewood Avenue, and this bears out just what we assert here that the Supreme Court, when they said in Morewood Avenue that they had never held as they were there asked to hold, regarded cases of grading, etc., as of a different class from those of the opening of streets. Certainly the justice of the Supreme Court, in so speaking, was not in ignorance of the opinion written by himself in 1890, in Main Street, 137 Pa. 590, nor of the former opinions of the Supreme Court heretofore mentioned, viz : McMasters v. Commonwealth, 3 Watts, 292; Extension of Hancock Street, 18 Pa. 26; Commonwealth v. Woods, 44 Pa. 113; Chestnut Avenue, 68 Pa. 81.

The case of Opening of Hansberry Street, Q. S. Phila. Co. has been recently reported in 7 Dist. Rep. 505. It is quite similar to the present case. An opening of a street had been directed by city councils. One Roberts became the purchaser of a large tract of land over which the street would run. He executed two deeds of dedication to the city, dedicating a portion of his ground for the bed of the street. The street was continued beyond, and the contest was over the question whether the viewers could assess against the tract of Roberts's benefits resulting from the opening beyond the dedication. It was held by BEITLER, J., that under the act of April 1, 1864, the benefits were assessable from the opening in the immediate vicinity, although the tract assessed did not actually abut on the open-

ing. That able.judge has most carefully considered the act of 1864, and held that it was a local act not repealed by the general act of 1891, citing on this point the leading case of Com. v. Lloyd, 2 Pa. Superior Ct. 6, affirmed by the Supreme Court in 178 Pa. 308, and cited numerous cases, most of which have been mentioned already in this argument, upholding the constitutionality of the act of 1864, and enforcing it by maintaining assessments of benefits on near but nonabutting properties.

It is this very act of 1864 which governs the case now before the court.

*Charles Knittel* and *H. B. Gill*, with them *Sheldon Potter*, for appellee.—On behalf of appellees, against whose property benefits were assessed, exceptions were filed, among which were the two following : " That the jury had no power to impose the benefits assessed against the premises above mentioned," and " That the assessment of benefits against the premises in question is contrary to law," which raised the question whether the jury had any power under the continuance to go on with the proceeding.

The whole subject is epitomized in the decision in In re Road in Salem Township, 103 Pa. 250.

It has been held by the court of quarter sessions of Philadelphia county that under the legislation now in force the report must be made to the next term, and as the terms of the quarter sessions in Philadelphia are monthly, should be filed during the month succeeding the appointment: Opening of Knox Street, 55 Leg. Int. 326.

The proceeding was therefore dead upon August 6, 1897, and could not then be revived for three months from August 6, 1897, or any other time, and the order then made could not authorize the filing upon October 25, of a report which should have been filed in June.

The other point raised by the exceptions, and upon which the case was decided by the court below, is equally fatal to the appellant's claim.

The present case is ruled absolutely by the Appeal of Verona Borough, referred to by the court below in its opinion and reported in 4 Pa. Superior Ct. 608. It is perfectly true that that case was a case arising under the act of May 16, 1891. It is

perfectly true, also, that it has been said that the language of
that act did not in itself authorize the assessment of benefits
upon nonabutting property.  It is true, also, that this proceed-
ing is under the act of 1864, which, it may be conceded, is not
repealed as to Philadelphia by the act of 1891, and that the act
of 1864 contains specific authority, if such authority can be
given by the legislature, to assess benefits upon property in the
immediate vicinity.

The difficulty is, however, that the legislature had no power
to authorize the assessing of benefits upon nonabutting prop-
erty.  It was upon the lack of constitutional power to impose
such benefits that Morewood Avenue was decided; and though
Justice MITCHELL, concurring in the opinion upon the ground
that the act of 1891 did not contain any grant of authority,
declined to express any opinion upon the question of constitu-
tional power to grant such authority, yet that justice, in Park
Avenue Sewers, 169 Pa. 433, delivered the opinion of the court
and acquiesced in the view of the constitutional question ex-
pressed in the previous case of Morewood Avenue, in substance,
in the last case holding that whether the proceeding was under
the Act of May 16, 1891, P. L. 71, or the Act of May 23, 1889,
art. 13, sec. 1, P. L. 277 (which gave power in express words
to assess the cost of the sewer on the property in the sewer dis-
trict "benefited thereby") made no difference, as there was no
constitutional power authorizing the imposition of benefits in
that manner.

It is true that Hancock Street, 18 Pa. 26, Chestnut Street,
68 Pa. 81, and the other cases cited by the appellant, did affirm
the right to impose benefits upon other property upon the same
street, but not abutting directly upon the improvement, and
admitted or allowed that question to pass unchallenged; but these
must all be considered as overruled by Moorewood Ave., 159
Pa. 20, Beechwood Ave., 179 Pa. 494, and Park Avenue Sewers,
169 Pa. 433, in which the cases cited by appellant are discussed
and their doctrine disapproved; and it must be considered as
settled by the decisions of this court and of the Supreme Court
that no power exists anywhere to impose benefits for a local
improvement upon property not abutting upon the line of the
improvement, in spite of the words "immediate vicinity" con-
tained in the act of 1864, the same word "vicinity" having

been used in the overruled case of Hancock Street, supra, and its effect considered in Morewood Avenue, supra.

OPINION BY RICE, P. J., March 23, 1899:

Prior to these proceedings Orkney street was laid out upon the confirmed plan of the city of Philadelphia, and according to the plan, extended from Ontario to Westmoreland; but a portion of it running through land of Brocklehurst and Ewing had not been opened. The result was that the properties of these exceptants were upon a cul de sac. It does not affirmatively appear that they had been assessed for the cost of the opening of the street to Brocklehurst's and Ewing's land; but we are left to infer from what is stated in the opinion of the court below and at bar, that the owners had dedicated the land over which that portion of the street extends. At all events, it was a paved and curbed street, and open to public travel from Ontario street to the point above-mentioned long before the adoption of the ordinance about to be referred to. An ordinance was adopted opening the street through its entire length to Westmoreland, and viewers were appointed to assess the damages of Brocklehurst and Ewing. They reported that these were $4,400, and that of this sum the sum of $1,333.24 should be paid by the city, and the balance should be paid by the property owners on the previously opened portion of the street, for benefits. The question is as to the validity of these assessments for benefits.

If this had been an open street throughout its entire length from Ontario to Westmoreland and one end had been closed by vacation proceedings, these exceptants would have had a right in law to claim damages. Why? Because by reason of the closing of the street they would have sustained an injury in their property rights, peculiar to themselves, and different in kind from the injury which would have been sustained by those who used the street for travel only. " The injury is not of the same kind, differing in degree only; it is an additional injury, caused by the impairment of an entirely distinct right, the special right of ingress and egress:" In re Melon Street, 182 Pa. 397. This being so, it is argued that the converse of the proposition must be true, namely, that the conversion of the cul de sac into an open street, thus giving two modes of

access to their properties where only one existed before, was, or at least may have been, a peculiar benefit differing in kind and not merely in degree, from that accruing to properties fronting on another street or on another block of the same street. But before pursuing this line of argument further, it will be well to consider whether or not the liability of properties, situated as these are, to special assessment to pay the cost of public improvements is an open one, and whether another principle does not enter into the case.

In Morewood Avenue, 159 Pa. 20, Mr. Justice GREEN, after an exhaustive review of the earlier cases, including Extension of Hancock Street, 18 Pa. 26, which is much relied on here, states the doctrine established by them in this way: " As we have repeatedly decided, the doctrine of assessment for benefits, to pay for public improvements, can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once. This can only be the case where the property assessed abuts directly upon the line of the improvement. Having their own burdens to bear in this respect, the owners cannot be subjected to the discharge of similar burdens upon other properties, whether situate on the same street or in the same neighborhood." The rule, as thus stated, was reiterated in Fifty-fourth Street, Pittsburg's Appeal, 165 Pa. 8, a case of grading, paving and curbing where the property assessed abutted on the same street but not on the part improved. It is to be noticed, also, that it was alleged on the argument of that case that the only outlet for the property was over part of the improvement; but this allegation was not referred to in the opinion, as it doubtless would have been if the Supreme Court had deemed it sufficient to distinguish the case from Morewood Avenue. The order sustaining the exception to the assessment was affirmed upon the ground, that, as the property did not abut directly upon the line of the improvement, it was not subject to an assessment for benefits. Morewood Avenue has been followed, and the principle upon which it was decided applied to sewer assessments, notwithstanding the argument that a public sewer is a special benefit to all the properties situated in the same " watershed:" Park Avenue Sewers, Parker's Appeal, 169 Pa. 433 ; Witman v. Reading, 169 Pa. 375 ; Beechwood Avenue Sewer, 179 Pa. 490, 494.

We may also refer in passing to the case of Speer v. Pittsburg, 166 Pa. 86, where it was held that the words "majority in interest and number of owners of property abutting on the line of the proposed improvement" (Act of May 16, 1891, sec. 9, P. L. 71), mean the majority on the portion of the street to be opened, and not the majority on the whole street. "Any other construction," said the court, "would be contrary to the letter as well as the manifest spirit of the act." In Verona Borough, 4 Pa. Superior Ct. 608, we followed the ruling in Morewood Avenue and applied it to a case precisely like the present.

It is vain to argue that Morewood Avenue can only be regarded as a binding authority where the proceedings are under the act of 1891. It not only construes that act, but it also lays down a general rule, based upon a consideration of the nature of local assessments for public improvements and of the limitations of the power of the legislature in that regard, which, although the act were as broad in terms as the Act of April 1, 1864, P. L. 206, would defeat any assessment of nonabutting property for paving or sewering, or other improvement of the same kind. If these cases are to be distinguished from the present it must be on some other ground than that the act of 1864 authorizes such assessments and the act of 1891 does not.

It is argued that assessments for street openings are in a different class from assessments for sewers, and for grading, paving and curbing, and that in laying down the rule quoted at the outset of this opinion the Supreme Court had no thought of including assessments of the former class. We do not think we would be warranted in denying application of the rule to the present case upon any such assumption. The ruling was made, said Mr. Justice GREEN, "after much deliberation and the most mature consideration" (Fifty-fourth Street, supra), and whilst it is true that all of the street opening cases were not referred to in the opinion, yet it is also true that the leading case upon that subject was critically examined and reviewed. Speaking of that case (Extension of Hancock Street, supra), the court said, that the constitutional question, whether the act was void as to lots located away from the line of the improvement, was neither discussed nor decided, and even if the case had decided that such lots could be assessed for benefits it would have to be regarded as practically overruled by the

later case of Washington Avenue in which the question was met and decided the other way. Chestnut Avenue, 68 Pa. 81, and Main Street, Big Run Borough, 137 Pa. 590, were not referred to, but judging from the reports of those cases the remark, that the constitutional question under consideration was neither discussed nor decided, would apply as well to them as to the Hancock street case.

It may be said that the constitutional question did not necessarily arise in the Morewood Avenue case. Possibly not. But it was raised by counsel, and after a thorough consideration of it the court decided it. When liability of non-abutting property to assessment is defended against upon constitutional as well as statutory grounds, and both grounds of defense are held to be good by the court of last resort, and either of those questions arises in a later case, will any other state court be justified in holding that the precedent is not of binding authority in that case, because, forsooth, the decision might have been based on the other ground exclusively? We think it more in accordance with sound principle to say that the general rule upon the subject laid down by the Supreme Court in such a case ought to be followed by all the other courts of the state until it is modified or qualified, unless it can be shown that the particular case for decision differs in essential facts, is clearly not within the reason of the rule, and, therefore, presumably, was not intended to be embraced within the rule itself.

Is this such a case? Granting, for the sake of the argument, that it is not within the reason of the first branch of the rule, what is to be said of the application of the second branch? It may well be that the properties of the exceptants are enhanced in value by the opening of the street through to Westmoreland street, and in view of the decision in the Melon Street case it would seem inconsistent to declare as a matter of law that the additional mode of ingress and egress that is to be given is in no sense a special benefit; but there remains the objection that, by dedication or otherwise, these properties were made to bear their full share of the cost of the original improvement. Can they be assessed again to pay the cost of extending that improvement through other properties? Can a street be opened piecemeal, and the properties abutting on the part first opened be assessed for benefits to pay the cost of extending the im-

provement a second or a third time? The repaving of a street is in a sense a special benefit to the properties abutting on it; but it is settled beyond all controversy that it cannot be done at their expense: Hammett v. Philadelphia, 65 Pa. 146; Williamsport v. Beck, 128 Pa. 147. The same is true of the extension of a pavement? What is the distinction? We are unable to answer these questions in accordance with the appellant's contention and at the same time reconcile the decision with the rule laid down in Morewood Avenue and followed by us in Verona Borough. If that rule is to be modified, we do not think that it will be done upon the ground that an assessment according to benefits in a grading and paving case is so different in essential particulars from a similar assessment in a street opening case that in the former case a property abutting on the street can be assessed but once for the improvement, whilst in the latter case it may be assessed and reassessed as often as the street is extended. It seems to us that the rule is a general one, and, ordinarily, is as applicable in one case as in the other.

Whilst the decision in the Melon Street case does suggest a possible distinction, yet it does not distinguish the two classes of cases in every particular. If for this, or any other reason, the rule is to be modified and exceptions recognized, our duty to wait until it is done by the Supreme Court is plain. An opposite course, even if we were disposed to adopt it, would simply lead to confusion.

We conclude, therefore, that the learned judge of the court below was right in holding that the cases above cited were of binding authority and were applicable to the present case notwithstanding the fact that the proceedings were under the act of 1864 and not the act of 1891.

This conclusion renders it unnecessary to express any opinion upon the question as to the authority of the jury to go on with the proceedings after the next term succeeding their appointment without a formal continuance of the order made during that term.

Order affirmed.