## Thirteenth Street.

*Road law—Assessments for benefits—Opening streets—Property abutting on improvement.*

The rule that property to be liable for assessment for benefits must abut directly upon the line of the improvement applies to street openings.

Where the owner of land extending to the middle line of a street plotted on a confirmed city plan of the width of sixty feet, conveys his portion of the land within the lines of the street to the city " for a public street or highway and for no other purpose," the remainder of his land when the unopened half of the street is opened will be held to abut upon the improvement, and will be liable to assessments for benefits. The fact that the owner voluntarily contributed to the making of the improvement does not warrant the conclusive presumption that the land given by him was in fact, or was accepted by the city as, the full equivalent of special and peculiar benefits accruing to the rest of his property.

Argued Oct. 18, 1900. Appeal, No. 166, Oct. T., 1900, by G. Ellwood Wagner, from order of Q. S. Phila. Co., May T., 1899, Docket 46, p. 560, dismissing exceptions to report of viewers in In re opening of Thirteenth Street from Oak Lane to Sixty-sixth Avenue, North, in the City of Philadelphia. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.

Exceptions to report of viewers.

The principal exceptions to the report of viewers were as follows:

3. Because the property of G. Ellwood Wagner, against

which the assessment of benefits was made, at the time of said assessment abutted upon that portion of Thirteenth street which had theretofore been dedicated to the city of Philadelphia, accepted by said city and was an opened portion of said Thirteenth street.

4. Because the property of G. Ellwood Wagner against which the assessments of benefits was made, at the time of the assessment of said benefits, did not abut upon the unopened portion of Thirteenth street referred to in the ordinance of councils upon which the proceedings under which said jury was appointed were founded.

5. Because the jury under the proceedings in which it was appointed, which proceedings were founded upon the ordinance of April 1, 1899, to open the "unopened portion of Thirteenth street" had no jurisdiction over the already opened portion of said street upon which the property of G. Ellwood Wagner, against which benefits were assessed, was situate and abutted.

6. Because the burden of the opening of Thirteenth street had already been borne by said G. Ellwood Wagner, and his property against which benefits were assessed, by the dedication and acceptance by the city of the portion of the street upon which his said property abutted.

7. Because the report of the jury of view in estimating benefits to the property of G. Ellwood Wagner failed to consider and allow him for the value of his land dedicated and accepted by the city in the opening of said street.

8. Because the report of the jury of view awarded $2,132 to Robert Mitchell where no damages were suffered, and assessed the said G. Ellwood Wagner's property to pay said damages.

9. Because the report of the jury of view fails to show that they considered the question of damages or benefits suffered by or accruing to the property of Crossley Wilt, which has a front of 132 feet 1½ inches on the same side, Thirteenth street, upon which the said property of G. Ellwood Wagner abuts.

The facts of the case are fully stated in the opinion of the Superior Court.

The court dismissed the exceptions.

*Errors assigned* were in dismissing exceptions to report of viewers.

*Robert von Moschzisker*, for appellant.—The appellant Wagner's property against which benefits were assessed by the jury of view did not abut on the improvement contemplated by the city ordinance authorizing the opening of "the unopened portion of Thirteenth street;" which ordinance formed the basis for the proceeding wherein the assessment was made: Phila. v. Thomas's Heirs, 152 Pa. 494; Trickett's Pa. Road Law, 411.

A street can be opened piecemeal in different ways. There is nothing to prevent a portion of a street being opened by dedication and acceptance, and another portion by ordinance and proceedings thereon: Verona Borough's App., 4 Pa. Superior Ct. 608; Orkney Street, 9 Pa. Superior Ct. 604.

The city need not accept a dedication either expressly or impliedly unless it so sees fit; but when it does so, all questions of damages and benefits between the party dedicating and the city are concluded, and the land covered by such dedication becomes an open part of the street without any necessity for further proceedings: Appeal of McCague et al., 22 W. N. C. 178.

The Wagner property against which benefits were assessed, had already borne its full lawful share of the burden of the opening, by the dedication and acceptance by the city of the land in the bed of the street upon which it abutted, so as to forbid any further assessment: Morewood Avenue, 159 Pa. 20; Orkney Street, 9 Pa. Superior Ct. 604.

*J. Lee Patton*, with him *James Alcorn*, assistant city solicitors, and *John L. Kinsey*, city solicitor, for appellee.—There can be no question of the right and duty of a jury to assess benefits: Act of April 1, 1864, P. L. 206; Sedgeley Avenue, 88 Pa. 509; Howard Street, 142 Pa. 601; Melon Street, 182 Pa. 397; Berks Street, 12 W. N. C. 10; Large v. Phila., 35 Pa. 231; Powelton Avenue, 1 Campbell, 112; Chestnut Street, 11 Phila. 411; Berks Street, 15 Phila. 381; Walnut Street, 28 W. N. C. 51; Hansberry Street, 55 Legal Int. 327; Moyer Street, 6 Phila. 81; Chestnut Street, 3 Phila. 265; Hancock Street, 18 Pa. 26; Chestnut Avenue, 68 Pa. 81; Main Street, 137 Pa. 590.

The appellant having dedicated but thirty feet of the sixty in the bed of Thirteenth street, it is therefore apparent that his property did abut upon the line of the improvement.

The dedication of a street does not exempt the property from

liability for benefits for the opening of the street: State v. City of Hudson, 34 N. J. Law, 25; Hansberry Street, 7 Pa. Dist. Rep. 205; Fifty-fifth Street, 9 Pa. Dist. Rep. 453.

*Robert von Moschzisker*, for appellant, in reply.—As to the county of Philadelphia it has always been held that the opening of a street and the widening of a street are recognized in the legislation governing the same as separate and distinct acts and one that cannot be treated as the other: Powelton Ave., 11 Phila. 447; Story St., 11 Phila. 456; Merchant St., 9 Phila. 590; Chestnut St., 86 Pa. 84.

OPINION BY RICE, P. J., January 22, 1901:

In Morewood Avenue, 159 Pa. 20, Mr. Justice GREEN, after an exhaustive review of the earlier cases, stated the doctrine established by them in this way: " As we have repeatedly decided, the doctrine of assessment for benefits, to pay for public improvements, can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once. This can only be the case where the property assessed abuts directly upon the line of the improvement. Having their own burdens to bear in this respect, the owners cannot be subjected to the discharge of similar burdens upon other properties, whether situate on the same street or in the same neighborhood." The rule that the property, to be liable to assessment for benefits, must abut directly upon the line of the improvement has been consistently followed and enforced in all later cases governed by the Act of May 16, 1891: Fifty-fourth Street, 165 Pa. 8; Park Avenue Sewers, Parker's Appeal, 169 Pa. 433; Witman v. City of Reading, 169 Pa. 375; Beechwood Avenue Sewer, 179 Pa. 490, 494; Speer v. Pittsburg, 166 Pa. 86; Verona Borough's App., 4 Pa. Superior Ct. 608; In re William Street, 13 Pa. Superior Ct. 266; Atlantic Avenue, 14 Pa. Superior Ct. 117. In the Orkney Street Case, 9 Pa. Superior Ct. 604, affirmed by the Supreme Court in 194 Pa. 425, it was argued with much zeal and ability that assessments for street openings belong to a different class from assessments for sewers, and for grading, paving and curbing, and that under the legislation local to Philadelphia (Act of April 1, 1864, P. L. 206) the rule, as

above stated, does not apply to street openings. But this position was not sustained. The rule itself, and its application to street openings being well established, the question to be considered in the present case is, whether or not the appellant's property abuts directly upon the line of the improvement? These are the facts, stated in chronological order.

Thirteenth street, from Oak lane to Sixty-sixth avenue, north, was plotted on the confirmed city plan of the width of sixty feet. For a distance of twenty-five or thirty feet north from Sixty-sixth avenue the land embraced within the lines of the street was owned by Thomas Smith. From his line to Oak lane the western half of the plotted street was owned by J. Renton White and Robert Mitchell in severalty, and the eastern half by G. Ellwood Wagner, the appellant.

By separate deeds dated July 22, 1898, G. Ellwood Wagner and J. Renton White each conveyed to the city "for a public street or highway and for no other purpose" the strip of his land thus embraced within the lines of the plotted street. This left in the ownership of Mr. Wagner a tract of about 300 feet in length or frontage, abutting directly upon the plotted street. Strictly speaking these deeds are not part of the record before us, but the fact of dedication by deeds dated July 22, 1898, is noted on the draft attached to the report of the jury of view, and is admitted.

By ordinance approved April 1, 1899, the city ordained the opening of several streets and amongst them " the unopened portion of Thirteenth street from Oak lane to Sixty-sixth avenue, north."

Upon the petition of Robert Mitchell a jury of view was appointed, whose duty it became, under the act of 1864, supra, to " determine what amount of the damages, if any, shall be paid by the city of Philadelphia, and what amount, if any, shall be paid by the property owners benefited." The jury awarded $2,132 as damages to Robert Mitchell, and assessed, as benefits, upon the lot of Mr. Wagner abutting on the plotted and ordained street, the sum of $1,600.50. From the order dismissing the exceptions and confirming the report, Mr. Wagner took this appeal.

In Orkney Street the property of the appellee abutted upon a cul de sac which had been fully opened, graded and paved.

The improvement was the extension of that street through other property.   Verona Borough's Appeal was a similar case.   In re Williams Street was the widening of a portion of a street, so as to make the width uniform throughout its length; in which it was attempted to assess for benefits, properties which were east and west of the portion of the street widened, and some of which, although on the same street, were in a different block.   It was held that this could not be done.   This is the entire effect of that decision.   In Atlantic Avenue, the particular improvement from which the damages accrued was, in reality, the taking of a strip twenty feet wide and 189 feet long in widening an alley so as to make it conform in width with an opened traveled street forty feet wide, which had been dedicated by the owners, and was practically an extension of the alley.   In principle, although the facts were slightly different, the case did not differ from In re Williams Street and was determined in the same way.   In none of these cases was the precise question now before us raised by the record.   In all the cases the properties of the parties complaining of the assessments were located in a different part of the street from that opened or widened.   We did not intend to decide, and none of the cases is to be taken as authority for the proposition, that, if in widening a street the land is taken wholly from properties on one side of the street, properties on the opposite side of the part of the street thus widened may not be assessed for benefits, if in fact they are specially and peculiarly benefited.

The difference between this case and the street opening and street widening cases above referred to, is substantial.   The act of the appellant in dedicating part of his land embraced within the lines of the plotted street did not effect the opening of that street.   The street contemplated was sixty feet wide of which the appellant dedicated thirty feet.   It was an inducement to the city, and was doubtless so intended, to open the street as plotted.   The improvement was not complete until the opening ordinance was passed.   Not until then had the time arrived for determining the damages and benefits accruing from the opening of the street.   The fact that he voluntarily contributed to the making of this particular improvement does not warrant the conclusive presumption that the land given by him was in fact, or was accepted by the city as, the full equivalent

of the special and peculiar benefits accruing to his property. There is no stronger reason for so presuming than there would be if the city had taken his land by eminent domain. It is too narrow a view to take of the case to say, that his land abuts on the portion of the street dedicated and not on the portion ordained to be opened. As we have already suggested, the ordinance completed the contemplated improvement, which would have been incomplete without it. There are not two contiguous streets there, each thirty feet wide. But, as the counsel for the city well say, by reason of the city's action, the appellant has something directly in front of his own property which he did not have there before, namely, a sixty feet wide street. Without further elaboration we conclude that the appellant's property abuts directly upon the line of the improvement, and that there is no conclusive legal presumption arising from his dedication of part of the land within the lines of the street that this was a full discharge of the burden that lawfully his property could be made to bear. These are the only questions arising upon the record proper that we are called upon to decide. Some of the assignments of error raise questions of fact depending on evidence outside the record, which the counsel for the appellant candidly admits it is not our duty to consider.

All the assignments of error are overruled and the order of the court below is affirmed.