Opinion by
Rice, P. J.,
The first improvement described in the case stated was the grading of Roosevelt avenue from its western terminus at the bridge to its then eastern terminus at Ridge avenue. As the property of the plaintiff abuts on the fine of the improvement, we are of opinion that it is liable for a pro rata share of the cost of the same (if it benefited to that extent), and, without having before us the entire proceeding instituted under the Act of March 14, 1907,. P. L. 15, we cannot say that the assessment of such share in that proceeding could not be sustained. But as to the second improvement, the case is different. This was the regrading of Roosevelt avenue from Sheridan avenue to River View avenue, the then eastern terminus of the street, and resetting curb on the same from Sheridan avenue to Ridge avenue. This improvement was made two years after the first improvement was completed and paid for by the borough; it was made under a different resolution and a different contract; and it included the part of the street from Ridge avenue to River View avenue which was not part of the street at the time the first improvement was made. The two improvements were not made under one ordinance, as in Tarentum Boro. v. Moorhead, 26 Pa. Superior Ct. 273, and there is no action of council referred to in the case stated which shows that the second improvement was contemplated by council at the time thé first was made. It certainly could not have been contemplated in its entirety, because at that time Roosevelt avenue had not been extended from Ridge avenue to River View avenue. The inevitable conclusion, from all the facts agreed upon, is, that these were two distinct and separate improvements, and were not merely parts of one entire improvement made at different times. The plaintiff’s property is at the corner of Roosevelt avenue and Meade avenue, more than 300 feet west of Sheridan avenue at the western terminus of the second improvement.
In Morewood Avenue, 159 Pa. 20, Justice Green, after an elaborate review of the authorities, announced the con *602 elusion of the court in these clear and explicit terms: “As we have repeatedly decided, the-doctrine of assessment for benefits, to pay for public improvements, can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once. This can only be the case when the property assessed abuts, directly upon the fine of the improvement. Having their own burthens to bear in this respect, the owners cannot be subjected to the discharge of similar burthens upon other properties, whether situate on the same street or in the same neighborhood.” In Fifty-fourth Street, Pittsburg’s App., 165 Pa. 8, this ruling was quoted with emphatic approval and applied to the relief of property which, though situated on the street, did not abut directly on the portion of the street graded, paved and curbed. So, in Speer v. Pitts-burg, 166 Pa. 86, it was held, under the act of May 16,1891, P. L. 75, that the words, “majority in interest and number of owners of property abutting on the line of the proposed improvement,” mean the majority of owners on the portion of the street to be actually improved, and not the majority of the owners on the whole of the street. The rule as stated in Morewood Avenue was reiterated in Orkney Street, 9 Pa. Superior Ct. 604, and applied to the assessment for benefits resulting from opening a street theretofore terminating as a cul-de-sac, upon properties not abutting upon the line of the improvement as projected, and which was the subject of the improvement. That case was affirmed by the Supreme Court on appeal: 194 Pa. 425. We said in that case: “It is vain to argue that Morewood Avenue can only be regarded as a binding authority where the proceedings are under the act of 1891. It not only construes that act, but it also lays down a general rule, based upon a consideration of the nature of local assessments for public improvements and of the limitations of the power of the legislature in that regard, which, although the act were as broad in terms as the Act of April 1, 1864, P. L. 206, would defeat any assessment *603 of nonabutting property for paving or sewering, or other improvements of the same kind.” The principle has been applied in numerous notable sewer cases (see Grafius’ Run, 31 Pa. Superior Ct. 638, and cases cited in Judge Head’s opinion), and in numerous street improvement cases, and we know of no authoritative decision in which it has been so modified or qualified as to cease to be applicable to the precise case we have before us. If this had been a separate and distinct proceeding to assess the damages and benefits resulting from the second improvement, these authorities would have prevented an assessment for benefits upon the plaintiff’s property, because that property did not abut on the fine of the improvement. The rule is no less applicable on the ground that the borough attempted to assess the damages and benefits resulting from both improvements in one proceeding.
The judgment is modified by reducing the amount from $634.55 to $231.70, with interest from March 5,1908, and, as thus modified, is affirmed.