In re Widening and Straightening of William Street in the Borough of Pittston.   Appeal of Robert W. Smiles et al.

*Boroughs—Streets—Opening of—Assessments of benefits—Damages.*

In a proceeding to widen and straighten a street, already opened and in use as a highway, when private property jutting into the street has been taken, the damages sustained by the owner may not be assessed against other properties abutting on the street, as the other property owners had the use of the street for adequate purposes before the proceeding in question, and they derived no particular or special benefit from the improvement itself, further than that which they had in common with the rest of the community.

Argued Jan. 9, 1900.   Appeal, No. 7, Jan. T., 1900, by R. W. Smiles et al. from decree of C. P. Luzerne Co., Oct. T., 1893, No. 1050, in confirming the report of the viewers ap-

pointed in the matter of the widening and straightening of William street in the borough of Pittston. . Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Reversed. Opinion by W. W. PORTER, J. W. D. PORTER, J., dissents.

Exceptions to report of viewers. Before LYNCH, J.

It appears from the record that, at the intersection of the beds of William and Fulton streets, in the borough of Pittston, a triangular portion of a lot owned by Carrie Waddell extended some eighty-seven feet in an easterly direction, and twenty-nine feet in a northerly direction, into William street, thereby diminishing the width of William street, at this crossing by nearly one half its total measurement.

The location and extent of the obstruction is best illustrated by the following sketch:

The triangle and figures mark that portion of the Waddell lot that extended into the highway and made the obstruction.

268  IN RE WILLIAM STREET.  SMILES'S APPEAL.

Statement of Facts—Opinion of Court below. [13 Pa. Superior Ct.

To remedy this, the borough of Pittston presented a petition to the court asking for the appointment of viewers to assess the damages and benefits. Viewers were appointed who reported to the court that the owner of the lot was damaged to the extent of $600, one third of which was to have been paid by the borough and the balance assessed as benefits on the properties of the appellants.

The report of the viewers was filed January 19, 1897. On February 18, 1897 exceptions were filed to the report and on October 27, 1897, the exceptants asked leave to nunc pro tunc as of the time of the filing of the original exceptions a ninth exception, viz: ["That the assessments made in this case are illegal, because they provide for the payment of a large part of the improvement by owners, your exceptants, whose property does not abut on said improvement."] [5]

The court dismissed the exceptions and confirmed the report in an opinion as follows:

The viewers report that by reason of widening and straightening William street, Pittston, the property of Carrie Waddell will be damaged in the sum of $600, $200 thereof to be paid for by the city, and the balance by assessments upon the property peculiarly benefited by the improvement. A list of the names of the owners and a draft of the property reported benefited is annexed to this report. It shows that William street, from Defoe street to the city line, is about 2,500 feet long. About midway on William street a corner of Mrs. Waddell's property projects into the widened street about fifteen feet. The damaged property apparently covers nearly the whole block or plot of ground between an alley and Fulton street. The properties of Morris and Bryden front on William street about 500 feet west of said alley, and the properties of Moran and Chamberlain front on the same street, east of said alley, respectively about 550 feet and 260 feet. It does not appear that this street or road is paved, or that the exceptants have heretofore been assessed or paid for any improvements on William street. In these circumstances I am constrained to hold that the case comes within the rule laid down by the Supreme Court in Morewood Avenue, 159 Pa. 29. First, the assessment is upon properties abutting on the line of the improvement;

second, the assessment for benefits in this case is confined to the particular properties which do in fact abut directly upon the line of the improvement.

This cause having been heard on exceptions, and upon due consideration thereof the exceptions are all dismissed, and the court hereby confirms the report of the viewers.

R. W. Smiles and other property owners appealed.

*Errors assigned* among others were (1) in finding that it does not appear that this street or road is paved, or that the exceptants have heretofore been assessed or paid for any improvements on William street.    (2) In finding that the assessment is upon properties abutting on the line of improvement.    (3) In finding that the assessment for benefits in this case is confined to the particular properties which do in fact abut directly upon the line of the improvement.    (5) In dismissing the additional exception filed October 7, 1897, reciting same.

*James L. Morris*, for appellants.—The only property that was in fact benefited by this improvement to William street was that of Carrie Waddell.

This case is not ruled by Morewood Avenue, 159 Pa. 20, Fifty-fourth Street, 165 Pa. 8, Verona Borough's Appeal, 4 Pa. Superior Ct. 608, and In re Orkney Street, 9 Pa. Superior Ct. 604, and all the questions considered in these cases were those arising for benefits and assessments for grading and paving streets and for the construction of sewers.

When it appears on the face of the proceedings, as it does in this case, that there exists an established public highway, a street, there arises immediately the presumption that the property owners on the line of the street have borne in some way, by dedication, by assessment for benefits or otherwise, their full and just share of the burdens incident to the opening of the street.

Verona Borough's Appeal, 4 Pa. Superior Ct. 608.    Even though this fact did not affirmatively appear, the presumption still arises: In re Orkney Street, 9 Pa. Superior Ct. 604.

*C. F. Bohan*, for appellee.—Under the act providing for their appointment, the viewers are authorized to determine, with the

approval of the court, that the damages shall be paid, either in whole or in part, by assessments upon properties benefited by the improvement, and, in such cases, shall assess so much of said damages as they shall deem just and reasonable, upon the properties which, in their judgment, do in fact abut directly upon the line of the improvement, and which have not by dedication or otherwise, been made to bear their full share of the cost of the original improvement: Act of May 16, 1891, P. L. 75, sec. 3; Morewood Avenue, 159 Pa. 20.

The viewers assessed the property of the appellants with benefits and preliminary thereto, if they complied with the statute, must have found as a matter of fact, although not stated in the report, that the property of the appellants do in fact abut directly upon the line of the improvement, and have not by dedication or otherwise been made to bear their share of the cost of the original improvement.   It will be presumed that the viewers performed their duty, that the requirements of the statute have been complied with, and that all things were rightly done, and therefore, it is not necessary specifically so to state in the report, unless specifically required by the act regulating the subject: Road in South Abington Township, 109 Pa. 118; Derry Township Road, 11 Pa. Superior Ct. 232.

The assignments of error relate to questions of fact, and there is nothing upon the record to show that the court below erred in regard to them: North Franklin Twp. Road, 8 Pa. Superior Ct. 358.   In Verona Borough's Appeal, 4 Pa. Superior Ct. 608, and in In re Orkney St., 9 Pa. Superior Ct. 604, the court below found as a fact that the properties did not abut directly upon the line of the improvement and sustain the exception.

OPINION BY WILLIAM W. PORTER, J., March 21, 1900 :

William street is one of the highways of the city of Pittston. The properties fronting upon it are town lots, varying in width. At the point at which William street crosses Fulton street a triangular piece of land projected into William street.   The present proceedings were instituted to rid the street of this partial obstruction by the appropriation of the triangular piece of land for public use.   A jury of view awarded damages to the extent of $600 to the owner of the property.   Of this, the payment of

$200 was imposed upon the town, and the remaining $400 were apportioned and assessed as benefits upon the lots fronting on William street for a considerable distance east and west from the point where the piece of land, for which damages were awarded, was located.

The question presented is, whether the apportionment and assessment of benefits upon the adjacent lots was lawful. In Morewood Avenue, 159 Pa. 20, Mr. Justice GREEN says: "As we have repeatedly decided, the doctrine of assessments for benefits to pay for public improvements can only be defended upon the ground that the benefits are local and essentially peculiar to the very property assessed, and then it can only be done once. This can only be done where the property assessed abuts directly upon the line of the improvement." See also Fifty-fourth Street, 165 Pa. 8, and In re Orkney Street, 9 Pa. Superior Ct. 604.

The rule thus formulated has grown out of cases arising upon extended improvements, such as the opening, grading and paving of streets, the building of sewers, etc. The properties on William street, east and west of the point of widening, were in a sense in a line with the improvement, but were not directly "upon the line of the improvement," within the rule of law. This evident interpretation of the rule finds support (if it were needed) in the construction given to the same phraseology in the act of May 16, 1891, in Speer v. Pittsburg, 166 Pa. 86, where it was held that the language, "abutting on the line of the proposed improvement," means on the portion of the street to be actually improved, and not on the whole length of the street. The plan attached to the report of the jury in this case clearly shows that there is no property save that of Carrie Waddell which abuts upon the improvement, which is a widening of the street at one point and upon one side. All of the other property owners had the use of the street for adequate ingress and egress before the present proceeding. By the taking of the land, they have acquired the use of an improved street. So also has the general public. There is, therefore, no benefit to the appellants peculiar to them, or differing in kind from that obtained by the general public. We are of opinion, therefore, that the order of the court below must be reversed.

The exception which raises the question of abutment was filed

in time.   It was filed before, and was considered and disposed of
at the hearing in the court below, together with the other excep-
tions.   Furthermore, the defect in the report of the jury is appar-
ent upon the face of the record, and, as it is " fatal to a decree
of confirmation, error may be assigned in this court, although no
exceptions were filed in the court below : Bean's Road, 35 Pa.
280 ; " O'Hara Township Road, 152 Pa. 319.

The exception filed by the appellants is sustained and the
benefits assessed against the appellants are stricken from the
report of the viewers.

W. D. PORTER, J., dissents on the ground that more than
one party assessed joins in the appeal and would quash the
appeal.