## Atlantic Avenue.

*Road law—Opening of streets—Assessment of benefits—Street terminating in an alley.*

Where a street terminating in an alley is opened or extended no assessment for benefits resulting from the widening of the alley can be assessed upon properties abutting upon that portion of the street which previously terminated in the alley. In re Orkney Street, 9 Pa. Superior Ct. 604, and 194 Pa. 425.

*Road law—Assessment of benefits—Nonabutting property.*

A street duly located and established and directed to be opened throughout was in part an opened public way of forty feet duly dedicated but not formally accepted; for a certain distance it was only a twenty-foot alley; along the length of this alley a strip of land twenty feet in width was taken. *Held*, that the only properties specially benefited and in such a position as to be assessed with benefits by the opening are those properties adjacent to or adjoining the strip of land taken on the twenty-foot alley.

Argued May 16, 1900.    Appeal, No. 168, April T., 1900, by the city of New Castle, in the matter of the assessment of damages for opening of Atlantic avenue in the city of New Castle, from decree of Q. S. Lawrence Co., Sept. T., 1899, No. 109, confirming exceptions to report of road viewers.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Affirmed.    Opinion by RICE, P. J.

Exceptions to report of road viewers.    Before WALLACE, P. J. The following facts appear from the record:

The city of New Castle, by an ordinance approved March 24, 1898, "located and established" Atlantic avenue, as shown by the map hereto annexed ; and by an ordinance approved May 31, 1899, directed the same to be opened and the damages, etc., to be assessed.    Upon petition viewers were appointed and proceedings had under the Act of May 16, 1891, P. L. 75, and upon filing of the viewers' report exceptions were filed thereto.

No part of Atlantic avenue as "located and established" had ever been placed on any city or municipal plan, never had been accepted, and was not a public street.    The proprietor of the land lying south of Washington street had laid the same out and plotted a street, then unnamed, forty feet wide, which

terminated at a point 189.4 feet south of said Washington street, the same being connected with a twenty-foot alley of 189.4 feet in length leading out Washington street, which is a principal street in said city. To make Atlantic avenue forty feet wide throughout, required the taking of a strip of land twenty feet wide and 189.4 feet in length off the east side of lands of Reichart, along the west side of the said alley. Reichart was allowed $1,200 damages which the viewers assessed, part on the land of and opposite those of Reichart, which was taken, and part upon such other lands abutting on the line of the improvement made by the city, as they considered benefited, but being on lots which fronted on that part of the street which had been dedicated theretofore.

Exceptions were filed to the latter part of the assessment, and the court below held that no properties could be assessed except those which abutted or adjoined that part of Atlantic avenue which was widened by said city, and struck off the other assessments. The city of New Castle appealed.

*Errors assigned* were (1) in entering the following decree : " It is ordered that the report of viewers filed in this case be changed so as to find that no special benefits or assessments can be placed upon any of the property owners owning lands not adjacent or adjoining the land where the street is widened. With this modification the report of the viewers is confirmed and approved." (2) In holding that the only properties subject to assessment for benefits are those of Samuel Moorehead, Joseph Gill, George Monroe, Eliza A. Sippy and Frank Reichart, and that the properties of all others are not liable. (3) In holding as matter of law, that the only properties specially benefited by the opening of Atlantic avenue are those properties that are adjacent, abutting or adjoining the land which was taken in the opening of said street.

*James A. Gardner*, city solicitor, for appellant.—The case presented is different from any others heretofore decided, in this, that Atlantic avenue (though the greater part thereof was located over lands which were within the lines of a dedicated street), had never been upon any city plan, was not a public highway, ordained or established, or accepted in any manner,

and the city of New Castle was not liable for its repair, never had any control or charge over the same until after the ordinances were passed locating and establishing the said street, and providing for the opening thereof.

The act of May 16, 1891, authorizes the assessment of special benefits upon the properties peculiarly benefited. Morewood Avenue, 159 Pa. 20, Whitman v. Reading, 169 Pa. 375, Park Avenue Sewer, 169 Pa. 433, Fifty-fourth Street, 165 Pa. 8, and Beechwood Avenue, 179 Pa. 490, were cases of assessments to pay "costs and expenses," and were limited to the line of the improvement. The same principle has also been applied in the cases of Verona Borough, 4 Pa. Superior Ct. 608, and Orkney Street, 9 Pa. Superior Ct. 604; 194 Pa. 425. Cases are not wanting, however, to show that assessments of benefits to pay for damages caused in the exercise of "eminent domain" have been made outside of the strict line of improvement: McMasters v. Com., 3 Watts, 292; Hancock Street, 18 Pa. 26; Chestnut Avenue, 68 Pa. 81; Main Street, 137 Pa. 590; Hansberry Street, 7 Pa. Dist. Repr. 505.

Lands not on the line of the improvement may be damaged by the grading of a street: Mellor v. Philadelphia, 160 Pa. 614.

Lands not on the part of a street vacated may be damaged: In re Melon Street, 182 Pa. 397.

By inspection of the map of Atlantic avenue, it can readily be seen that were the north end of said street to be vacated a distance of 189.4 feet, or even put back to the conditions existing prior to its recent opening, with a twenty-foot alley, that the properties nearby fronting on the other parts of said street would be very much depreciated in value and damaged; and conversely, the opening must be of a pecuniary and special benefit, and a benefit with reference to which there can be no presumption arising, that the land has contributed prior benefits, inasmuch as the street is now for the first time become a part of a city improvement. It is inconsistent, in view of the decision in In re Melon Street, to say that the additional mode of ingress and egress to and from Atlantic avenue is not a special benefit: Orkney Street, 9 Pa. Superior Ct. 604; 10 Am. & Eng. Ency. of Law (2d ed.), 1176, note 2; Aswell v. Scranton, 175 Pa. 181.

The pith of this case is then whether the reasoning of this

court in Orkney Street, 9 Pa. Superior Ct. 604, will apply. There is no original improvement here, and so there is no such thing as bearing the original cost of the improvement.

To concede the power of assessing for one extension may be a dangerous precedent, but this agreement cannot apply to a street in the original laying out thereof by the city. If it does, then public improvements in the way of opening and widening of streets must necessarily be hindered and thwarted.

We are not, therefore, within the reason of the rule as laid down in In re Orkney Street, and the assessments, being made on the line of the improvement, the court below erred in striking them off, inasmuch as the properties were peculiarly benefited thereby. We contend that this is not such a case, as the court can declare, as a matter of law, that no benefits can accrue, and therefore the case was for the viewers.

*D. B. Kurtz,* with him *L. T. Kurtz,* for appellees.—Where one sells and conveys lots according to a plan which shows them to be on streets, he must be held to have stamped upon them the character of public streets. This is sufficient to prove a dedication of the street to public use.

Not only can the purchasers of lots abutting thereon assert this character of public streets, but all others in the general plan may assert the same. The proprietor is in no condition to revoke this dedication afterwards: In re Opening of Pearl Street, 111 Pa. 565.

The only practical legal effect or consequence of the ordinance locating Atlantic avenue was to change this twenty-foot alley, 189.4 feet in length, into a street of forty feet in width; and this was all the improvement or change effected by said ordinance, and for the said improvement, the assessment of damages of $1,200 was evidently made to compensate for the appropriation of the additional land taken therefor.

And we contend that assessments for benefits to pay said damages can be assessed only upon properties which adjoin or abut upon said improvement.

No assessment for benefits resulting from opening of a street, theretofore terminating as a cul de sac, can be legally imposed upon properties not abutting upon the line of the improvement as projected and which is subject of the improvement.

The Act of April 1, 1864, P. L. 206, in so far as it confers or attempts to confer power to assess benefits for municipal improvements upon properties not abutting upon the line thereof is unconstitutional: In re Orkney Street, 9 Pa. Superior Ct. 604.

Where a street terminating in a cul de sac is opened and extended, no assessment for benefits resulting from the opening of the street can be assessed upon the properties abutting upon that portion of the street which previously terminated in the cul de sac.

OPINION BY RICE, P. J., July 26, 1900:

Prior to the dedication to which we are about to refer, there was an alley twenty feet wide extending south from Washington street a distance of 189.4 feet. The owners of the land lying to the south of the terminus of the alley plotted the same into lots, streets and alleys and sold the lots according to the recorded plan. One of the streets thus laid out, dedicated and opened to public use was, practically, an extension of the alley, but instead of corresponding in width to the alley it was forty feet wide. This, we infer from the statements in the paper-books, was an opened traveled way forty feet wide at the time of the institution of these proceedings and had been for several years. It does not appear that it has ever been accepted by the city. The situation is represented with sufficient accuracy for present purposes by the accompanying draft.

By ordinance approved March 24, 1898, the city councils "located and established" Atlantic avenue as beginning at Washington street and extending thence by courses and distances to the other terminus of the dedicated street, "and of the width of forty feet throughout," and by an ordinance approved May 31, 1899, they directed that the street as theretofore ordained and established, "be opened throughout, and the damages caused thereby be assessed upon the property benefited in the manner provided by law." The land actually taken by the proceeding was a strip 189.4 feet long and twenty feet wide. For this the viewers awarded to the owner $1,200 as damages, and assessed against him $100 as benefits. The remaining $1,100 they assessed as benefits against the owners of lots abutting on the street, including not only those abutting on the alley

that was widened, but also those abutting on that part of the street not widened. The latter filed exceptions, which the court sustained, and from that order this appeal was taken.

The sale of lots according to a plan which shows them to be on a street implies a grant or covenant to the purchaser that the street shall be forever open to the use of the public, and operates as a dedication of the street to public use. The right passing to the purchaser is not the mere right that he may use it, but that all persons may use it. Such dedication of the street by recording a plan and selling lots according to the plan operates as a relinquishment of all claims for damages for the use of the land within the lines of the street for street purposes, and no claim therefor can be sustained unless the street is within the provisions of the Act of May 9, 1889, P. L. 173. It is not pretended that this street is within the provisions of that act. "Such dedication was said in Heckerman v. Hummell, 19 Pa. 64, to be a contract with the public. The distinction between the sale of lots according to a plan made by the owner upon which the streets are laid out and the mere reference in aid of description to streets projected by the municipality is manifest. In the former case the inference of dedication arises, in the latter it does not:" FELL, J., in Quicksall v. Philadelphia, 177 Pa. 301. See also Higgins v. Sharon Borough, 5 Pa. Superior Ct. 92, and cases there cited. It follows that the exceptants were not in a position to claim damages by reason of the taking of the land upon which their lots fronted, although it must be conceded that their title went to the middle of the street. Nor, in view of the provisions of the act of 1891 requiring the viewers to report the damages and benefits separately, is it possible to assume that anything was allowed them as damages by way of off-set to the benefits. For aught we know, if they had been allowed compensation as if this were the opening of a new street and not the mere formal acceptance of a street already opened and dedicated by the landowners, their damages would have been equal to any special or peculiar benefits they received. As a result of an approval of the report of viewers they would have been compelled to pay in relief of the city, over three fourths of the cost of a particular part of the improvement, although, so far as appears, they had, by dedication of their land, contributed their full share of the cost of

the whole improvement. Certainly, if the widening of the alley and the acceptance of the dedicated street had been separate proceedings there would have been no possibility, under the late decisions, of assessing the cost of the former improvement upon the owners of land fronting on the dedicated street. We are not convinced that a different rule applies because the city saw fit to include both in one ordinance. The particular improvement from which the damages accrued was the taking of a strip twenty feet wide and 189.4 feet long in widening the alley, so as to make it conform in width with the opened street dedicated by the owners. No other land was taken, nor was any physical change made or contemplated in the street, except as above stated. This is not a case, where, in apprehension of a taking by the municipality, the landowner throws out his land to the public for the purpose of escaping assessment, and we need not consider whether in such a case the attempt would be successful. So far as the facts are concerned, the case is very imperfectly presented, but as we understand them, it does not differ in principle from the Orkney Street Case, 9 Pa. Superior Ct. 604; s. c. 194 Pa. 425, and the class to which it belongs. See also William Street, 13 Pa. Superior Ct. 266. The learned judge of the court below in passing on the exceptions said: " The facts are familiar to us " (evidently the case was submitted without much regard to technical formality of proof) " and the location also. As we view the law we believe the only properties that are specially benefited, and in such a position to be assessed with benefits by the opening of this street, are those properties that are adjacent and abutting thereon, to wit: . . . . these being the only properties adjacent to or adjoining the lands taken." We cannot say that there was error in this conclusion; and in arriving at this result we have not taken into consideration the allegation in the appellee's paper-book that in 1874 the street in question became a public road or highway by proceedings in the quarter sessions under the general road law.

The order is affirmed.