# Grant Street.

*Road law—Assessment for benefits—Act of May* 16, 1891, *P. L.* 75—*Sewers.*

Assessment for benefits to pay for local improvements can only be defended on the ground that the benefits are local and essentially peculiar to the property assessed, and this can only be the case where the property assessed abuts directly upon the line of improvement.

Where a branch sewer is constructed on a street upon the petition of property owners on the street, and for the peculiar and almost exclusive benefit of the property abutting on the street, the fact that it was necessary in order to reach the main sewer, to conduct the branch sewer for a short distance through an intersecting street, is not a valid reason for not treating the improvement as an entirety in the assessment of benefit.

Argued April 11, 1901. Appeal, No. 134, April T., 1901, by borough of Turtle Creek, from order of C. P. No. 1, Allegheny Co., June T., 1899, No. 428, sustaining exceptions to report of viewers in In re Sewer on Grant Street and Maple Avenue in Turtle Creek Borough. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Exceptions to report of viewers.

The facts appear by the opinion of the Superior Court.

*Error assigned* was in sustaining exceptions to report of viewers.

*A. M. Thompson,* for appellant.—The phrase, " each street or alley," as used in the act of 1891, is interchangeable and synonymous with " line of improvement : " In re 54th Street, 165 Pa. 8 ; Park Ave. Sewers, 169 Pa. 433 ; Witman v. City of Reading, 169 Pa. 375.

*George W. Herriott,* for appellee.—The contention of the borough that the cost of the sewer on Grant street was properly assessed on property abutting on Maple avenue, because the sewer on the latter obtained an outlet through the sewer on the former is contrary to the ruling of the Supreme Court : Wittman v. Reading City, 169 Pa. 391 ; Park Avenue Sewers, 169 Pa. 438.

Each street stands by itself and must be separately considered : Brill v. Philadelphia, 167 Pa. 5.

OPINION BY RICE, P. J., July 25, 1901 :

The 8th section of the Act of May 16, 1891, P. L. 75, under which these proceedings were had provides as follows : " On petition, viewers shall be appointed as provided in the first section of this act, who shall assess the costs and expenses of the sewer, or grading, paving, curbing, macadamizing, or other improvement of each street or alley upon the property benefited according to benefits, if sufficient can be found, but if not, then the deficiency when finally ascertained shall be paid by the municipal corporation," etc. Upon the petition of abutting property owners, amongst whom was the principal appellee, a continuous branch sewer of uniform diameter was constructed under one ordinance and one contract along Maple avenue for a distance of about 600 feet to its intersection with Grant street, and thence along the latter street for a distance of 115 feet to a point where it empties into a main sewer. Viewers were appointed to ascertain the costs, damages and expenses and to assess the benefits, who reported that the cost of the sewer was $1,123.70. With the exception of $37.26, assessed upon a lot on the corner of Maple avenue and Grant street, the entire cost of the improvement was assessed on properties abutting on Maple avenue, which in the judgment of the viewers were peculiarly benefited to the extent of the sums assessed against them. Upon exceptions to their report the court held, that "no part of the cost of the sewer on Grant street should have been assessed upon property abutting on Maple avenue," and reduced the assessments reported by the viewers accordingly. This is the only matter assigned as error.

Nothing in the law is better settled than that the doctrine of assessment for benefits to pay for public improvements can only be defended upon the ground that the benefits are local and essentially peculiar to the property assessed, and that this can only be the case where the property assessed abuts directly upon the line of the improvement. In Morewood Avenue (Chambers's Appeal), 159 Pa. 20, it was held not permissible to assess the cost of grading, paving and curbing a part of one street upon properties not situate upon the street to be im-

proved, although within the " neighborhood " of the improvement, and in the same case (at p. 38) upon the appeal of E. M. Ferguson et al., it was held that properties abutting on the same street but not on the part improved were not subject to assessment. The rule was reiterated in Fifty-fourth Street, Pittsburg's Appeal, 165 Pa. 8, a case of grading, paving and curbing, where the property assessed abutted on the same street but not on the part improved, and the same rule has been applied in street opening and street widening cases: Verona Borough's Appeal, 4 Pa. Superior Ct. 608 ; Orkney Street, 9 Pa. Superior Ct. 604 ; s. c., 194 Pa. 425 ; William Street, 13 Pa. Superior Ct. 266 ; Atlantic Avenue, 14 Pa. Superior Ct. 117. So also it has been held that no properties can be assessed for the cost of a sewer, except those that abut on the line of it: Witman v. Reading, 169 Pa. 375 ; Park Avenue Sewers, Parker's Appeal, 169 Pa. 433 ; Beechwood Avenue Sewer, 179 Pa. 490 ; also that properties abutting on a branch or lateral sewer are not assessable for the cost of a main sewer, laid in another street, with which it connects : Park Avenue Sewers, supra, at p. 438. Speaking of this latter class of properties Mr. Justice MITCHELL said : " There is only one other class of nonabutting property, that which, though not on the same street, has a connection with the sewer in question by means of its own branch or lateral sewer. This class is in precisely the same situation as the property assessed in the Morewood Avenue case, to wit: it was benefited by the increased facility of access by means of graded and paved streets, but as was shown by our Brother GREEN, ' that is only the same general and public advantage which is enjoyed by all citizens of the commonwealth passing over the improved street.' " A careful examination of these cases shows that none of them in its essential facts, is precisely like the present. No property not abutting upon the line of this sewer was assessed with benefits, neither was any property abutting upon the line of the sewer assessed with benefits indirectly derived from any other adjacent improvement. Properly construed, the ordinance did not embrace two distinct improvements, one in Grant street and the other in Maple avenue, but contemplated a single improvement consisting of a branch or lateral sewer extending from a point in Maple avenue to the main sewer, which, as shown by the report of the viewers, was

for the special, peculiar and almost exclusive, benefit of the properties abutting on Maple avenue. This was the improvement for which the owners of the properties petitioned. Although, in order to connect with the main sewer, without which connection the branch would have been incomplete and of no benefit, it was necessary to conduct it for a short distance through private property or an intersecting street, we are not convinced that this furnished a valid reason for not treating the improvement as an entirety in the assessment of benefits. This court is not disposed to depart a hair's breadth from the just rule emphatically declared in the Morewood Avenue case and consistently followed in all subsequent cases. But in holding that the improvement above described is to be taken as an entirety, and that the properties assessed abut directly upon it, we are of opinion that we do not conflict with the rule either in its letter or its spirit. It follows that both assignments of error must be sustained.

That part of the final order or decree which reduces the several amounts assessed for benefits, by deducting therefrom a proportionate part of the cost of the construction of the sewer is reversed, the assessments reported by the viewers, except for the cost of the flush tank, are reinstated, and, except as to such persons as have appealed from their report, are confirmed.